## WILSON v. STATE.

### Opinion delivered December 11, 1916.

1. HOMICIDE—POISONING—PROOF OF CIRCUMSTANCES IN MITIGATION.—An instruction in a homicide case, in the language of the statute, that "the killing being proved, the burden of proving circumstances of mitigation * * * shall devolve on the plaintiff * * *," while abstract is not prejudicial where the court gave proper instructions on the issue of defendant's guilt, and where the verdict of the jury pronounced the defendant guilty of the killing.

2. TRIAL—IMPROPER ARGUMENT—FAILURE TO MAKE A RULING.—Appellant can not predicate error upon the failure of the trial court to make a ruling, directing the jury not to consider certain improper argument made by appellee's counsel, when the appellant did not ask for a ruling, although he objected to the argument, unless the remarks were so flagrant and so highly prejudicial in character as to make it the duty of the court, on its own motion, to have instructed the jury not to consider the same.

3. TRIAL—IMPROPER ARGUMENT—DUTY OF COURT.—In a criminal trial the prosecuting attorney stated in his opening argument that the defense threatened and attempted to prevent a certain witness from testifying. Held, the remarks, while improper, were not so intensely prejudicial in their nature as to call for a ruling of the court on its own motion.

Appeal from Columbia Circuit Court; *Chas. W. Smith*, Judge; affirmed.

*C. W. McKay* and *Walker Smith*, for appellant.

1. The court erred ·in giving instruction No. 5 for the State. It was misleading. 71 Ark. 459; 21 Cyc. 633; 67 Ark. 605.

2. The remarks of the prosecuting attorney were prejudicial and should have been excluded. 110 Ark. 528.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

1. There was no prejudicial error in the State's instruction No. 5. 71 Ark. 459; 71 *Id.* 459; 95 *Id.* 106; 96 *Id.* 629; 76 *Id.* 493; *Ib.* 517, 110, 489; 85 *Id.* 358; 98 *Id.* 436; 100 *Id.* 183; 109 *Id.* 514; 120 *Id.* 200.

2. There was no error in the remarks of the prosecuting attorney. 110 Ark. 543; 74 *Id.* 259; 74 *Id.* 256; 95 *Id.* 326; 94 *Id.* 518; 69 Wisc. 32; 100 Minn. 396; Thompson on Trials, § 964.

WOOD, J. At the August term, 1916, of the Columbia circuit court, appellant was convicted of the crime of murder in the second degree and sentenced to imprisonment in the State penitentiary for a period of ten years.

The indictment charged him with having committed the crime of murder by killing his wife, Maud Wilson, by giving her strychnine. It was a question for the jury, under the evidence, as to whether or not Maud Wilson died as the result of strychnine administered by the appellant for the purpose of killing her, or whether she died from Bright's Disease, with which she had been afflicted for some two years.

The evidence tending to prove that appellant poisoned his wife was circumstantial, but sufficient to sustain a verdict of guilty.

Among other instructions, the court gave the following: "The killing being proved, the burden of proving circumstances of mitigation that justify or

excuse the homicide shall devolve on the accused, unless by proof on the part of the prosecution it is sufficiently manifest that the offense amounted only to manslaughter, or that the accused was justified or excused in committing the homicide provided the burden of the whole case is on the State, to show the defendant guilty beyond a reasonable doubt."

Appellant specifically objected to the giving of the instruction on the ground among others, that the instruction was abstract, and that it assumed that the killing by the defendant was proved, and that it cast the burden of proving circumstances of mitigation upon the defendant, and thus placed the burden upon him to show circumstances that justified or excused him in administering the poison.

The instruction is wholly abstract in a case where the killing is done by poison, or in any other case of wilful, deliberate, malicious and premeditated killing, such as to constitute only murder in the first degree. The case of *Easter* v. *State*, 96 Ark. 629-633, was such a case. There, as here, the court gave the instruction in connection with other instructions on the law of homicide, and of reasonable doubt, and the burden of proof in such cases. In that case, in commenting upon the ruling of the court in giving the instruction as set out above, we said: "It is contended that this instruction is not applicable where there was a conflict as to whether or not the defendant did the killing. It is true that this statute is applicable only where the killing is claimed to have been done in self-defense, and is not applicable in cases of killing by lying in wait. There is no prejudicial error, however, in giving it in any case, for no harm could result in giving it as an abstract proposition of law. The danger of giving it in the exact language of the statute is that it might be construed as an assumption by the court that the killing had been done by the accused. The instruction was not, however, objected to on that ground, and that construction seems not to have been placed upon it by court or counsel."

Here the instruction was specifically objected to on the ground that it assumed that appellant did the killing, and the very next instruction, given at the instance of the State, submitted the issue as to whether or not appellant did the killing, and told the jury that unless they found that he did kill Maud Wilson beyond a reasonable doubt by unlawfully, wilfully and feloniously, after premeditation and deliberation, with malice aforethought, administering strychnine, that they should find him not guilty. And in the first instruction given at the instance of the appellant, the court told the jury, in substance, the same thing.

The instruction is in the exact language of the statute and when given in this form it could not be construed as an assumption by the court that the killing was proved, but is only tantamount to telling the jury that if they found that the killing by the defendant was proved, then the burden of proof was upon the accused, where self-defense was set up, to establish such defense, unless the proof introduced by the State showed it. This, as we have often held, does not shift the burden to defendant of establishing his innocence, but the burden of proof to show guilt in the whole case still rests on the State. *Cogburn* v. *State*, 76 Ark. 110, 113; *Tignor* v. *State*, 76 Ark. 489, 493; *Thomas* v. *State*, 85 Ark. 357, 358; *Childs* v. *State*, 98 Ark. 430, 437; *Walker* v. *State*, 100 Ark. 180, 183; *Brock* v. *State*, 101 Ark. 147, 154; *Scoggin* v. *State*, 109 Ark. 510, 514; *Johnson* v. *State*, 120 Ark. 193, 200.

While an instruction given in this form was criticised in the case of *Easter* v. *State*, *supra*, it was not expressly condemned as prejudicial error in this form in any case, and we now hold that the instruction, even when given in the language of the statute, does not assume that the killing has been proved, but, when so worded, the effect of it is to submit that issue to the jury.

The contention that inasmuch as the instruction was abstract it was prejudicial is unsound, for the reason that the jury found a state of facts to exist which

would make the instruction favorable rather than prejudicial to the interests of appellant. The jury, in other words, by their verdict of guilty, must have found that the appellant killed his wife, and they must also have found that he killed her by administering strychnine, for that is the only means which he employed to kill her if he committed the offense at all. Under the law, upon such a state of facts, the only correct verdict would have been murder in the first degree. Instead, the jury went beyond its province and extended clemency to the accused by returning a verdict for murder in the second degree. Since the jury found the appellant guilty, he is in no attitude to complain, and was in no manner prejudiced, by the giving of an instruction the only effect of which, if it had any effect at all, was to cause the jury to mitigate his punishment, which, under their finding of guilty, might have been death or imprisonment for life instead of imprisonment in the State penitentiary for a shorter term. The instruction could not have misled the jury on the issue as to the guilt or innocence of the appellant.

2.    Counsel for the State, in his opening argument, stated to the jury that Charles Beeson, a witness for the State, was there and had testified in this case in behalf of the State, although he had been threatened and intimidated for the purpose of preventing him from so testifying, to which argument the defendant objected and asked the court to rule upon his objection, but counsel for the State immediately stated that he withdrew the statement. The court did not rule upon the same, and counsel excepted.

Counsel for appellant state that the court's refusal to rule on appellant's objection and to instruct the jury not to consider the statement could have caused the jury to believe that the prosecuting attorney was justified in making the statement.

The remarks were improper, because they were calculated to cause the jury to believe that appellant had threatened and intimidated a witness for the State, who gave damaging testimony against appellant, in

order to prevent, if possible, his attendance at the trial. But, upon objection being made to the remarks, the counsel immediately withdrew the statement and the appellant did not thereupon ask the court to admonish the jury not to consider the improper remarks. Counsel for appellant thus, in effect, treated the withdrawal of the statement as sufficient to remove the prejudice; at least, he did not ask the court to instruct the jury not to consider the remarks or to take any other affirmative steps to remove any possible prejudice that might have been created against appellant in the minds of the jury. Appellant can not predicate error upon failure of the court to make a ruling that he did not at the time ask the court to make, unless the remarks were so flagrant and so highly prejudicial in character as to make it the duty of the court on its own motion to have instructed the jury not to consider the same. See *Kansas City So. Ry. Co.* v. *Murphy,* 74 Ark. 259; *Harding* v. *State,* 94 Ark. 65. The remarks were not so intensely prejudicial in their nature as to call for such ruling of the court *sua motu.*

The trial courts have broad discretion in the matter of controlling the arguments of counsel, and except in cases of a manifest abuse of discretion, this court will defer largely to the conclusions of the trial court as to whether or not prejudice in any given case results from improper remarks, and as to whether or not the court has taken such affirmative action in the premises as might be necessary to remove any possible prejudice. See Thompson on Trials, 964; *Railway Co.* v. *Murphy, supra; Cravens* v. *State,* 95 Ark. 321, 326.

The prosecuting attorney, in his closing argument, also, in effect, stated that witness O'Dell had testified that the appellant stated to him "that he had never cared anything for the damned bitch, and that he was going to get rid of her."

When this statement was made by the prosecuting attorney and objected to by counsel for appellant, the court told the jury that he did not know whether counsel was misstating the evidence or not, but that they

were the judges of the evidence, and as to whether or not the prosecuting attorney had misstated same.

While the witness O'Dell did not testify in the exact language as stated by the prosecuting attorney, he did testify that the appellant had said to him that he (appellant) "did not care a G— d— about that woman." And witness Chas. Beeson testified that appellant stated to him on the day he procured his license to marry that he was not going to live with her, and that if he did, "By G—, you will hear what I am going to do with her."

While the prosecuting attorney failed to designate the witness who testified to the statement contained in his remarks, yet it appears from the record that substantially these remarks were testified to by a witness. Therefore, the remarks of counsel were warranted by the evidence, and the court ruled correctly in holding that the jury were the sole judges of the evidence, and as to whether or not the prosecuting attorney had misstated the same.

There is no reversible error in the record, and the judgment is therefore affirmed.