LEE *v.* STATE.

Opinion delivered December 3, 1904.

1. CHANGE OF VENUE—TRANSCRIPT—ABSENCE OF SEAL.—Under Sandels & Hill's Digest, § 2438, providing that a conviction of a felony should be reversed for prejudicial errors only, a judgment of conviction of a felony upon a change of venue will not be arrested because the clerk of the county from which the venue was changed failed to attach the official seal of his court to the transcript which he transmitted to the court to which the venue was changed. (Page 150.)

2. CRIMINAL PROCEDURE—RIGHT TO COMMENT ON ACCUSED'S FAILURE TO TESTIFY.—It is error for the prosecuting attorney to comment on the failure of the accused to testify in his own behalf. (Page 151.)

3. SAME—SINGLING OUT INSTRUCTION.—Where the jury were recalled and reported that they were unable to agree, it was error on the part of the court, without any request from the jury that the charge or any part thereof be repeated, to single out and repeat an instruction that "circumstantial evidence is legal and competent evidence, and will warrant a conviction if the jury are satisfied from the facts and circumstances beyond a reasonable doubt of the defendant's guilt," as the jury might well have construed this action as an intimation from the judge that the evidence was sufficient to convict. (Page 151.)

Appeal from Polk Circuit Court.

JAMES S. STEEL, Judge.

Reversed.

STATEMENT BY THE COURT.

The defendant, J. S. Lee, was indicted by the grand jury of Little River County for grand larceny, it being alleged that he took, stole and carried away about nine head of cattle, the property of one Clem Scott. On the application of the defendant the circuit court entered an order changing the venue to the Polk Circuit Court.

On the trial in that court, and during the argument to the jury, one of the counsel assisting in the prosecution said in his argument to the jury: "If the defendant is not guilty, no one

knows it better than he does. Why did he not take the stand, and tell you that he did not steal these cattle? He sits there silent as the grave, and asks you to turn him loose, without opening his mouth as a witness." Appellant interposed an objection to this argument, and the court at once sustained the objection, instructed the jury that such an argument was improper, and that they must disregard it entirely, reprimanded the attorney for making it, and warned him that a repetition of it would subject him to a fine.

The jury retired to consider the case, and, being out several hours, returned into court, and announced that they stood seven to five, and that there was no prospect of an agreement. Whereupon the court, on motion of the prosecuting attorney, and over the objection of the defendant, repeated to the jury one of the instructions previously given as follows: "The court instructs the jury that circumstantial evidence is legal and competent evidence, and will warrant a conviction, if the jury are satisfied fron the facts and circumstances in evidence beyond a reasonable doubt of the defendant's guilt."

The jury, soon after this instruction was repeated, returned a verdict of guilty, and assessed the punishment at one year in the penitentiary, and judgment was rendered accordingly. Defendant moved for a new trial on account of improper argument, and for other reasons. He also filed a motion in arrest of judgment on the ground that the transcript filed by the clerk of the Little River Circuit Court in obedience to the order of change of venue, and upon which the defendant was tried, was invalid because not certified under the seal of that court. The court thereupon sent the transcript back to the clerk of the court from which it came, who thereupon affixed the seal, and returned it to the Polk Circuit Court, which court thereupon overruled both the motion for new trial and the motion in arrest, and the defendant appealed.

*Kirby & Carter, I. D. Head* and *Hal Norwood,* for appellant.

*George W. Murphy, Attorney General,* for appellee.

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment convicting the defendant of grand larceny and sentencing him to a term of one year in the penitentiary. The

Attorney General has confessed error on two grounds; first, that the transcript from the Little River Circuit Court was not authenticated by the seal of that court; second, that the comments of the attorney assisting in the prosecution on the failure of the defendant to testify were improper and prejudicial to the rights of the defendant, which grounds we will now notice.

1. *As to the failure of the clerk of the Little River Circuit Court to attach the seal of the court to the transcript.* It is true that this court has several times held that a trial and conviction on a change of venue upon a transcript not authenticated by the official seal of the court is invalid, and could not be cured by attaching the seal after the trial. But this rule had its origin at a time when the attaching of a seal and other matters of form were given much greater weight than the courts now award to them. For a like reason it was for a long time held by this court that where the record on appeal failed to show a formal plea to the indictment the trial would be treated as had without an issue, and the judgment would be reversed, even though no objection had been made in the court below. *Perry* v. *State,* 37 Ark. 54; *Lacefield* v. *State,* 34 Ark. 275. But in the case of *Hayden* v. *State,* 55 Ark. 342, Chief Justice Cockrill held, in effect, that these cases were in conflict with the statute which provides that a judgment of conviction should be reversed for prejudicial errors only. As the defendant in that case was not able to show that he had been prejudiced in any way on account of the absence of a formal plea, the court, following the statute, said that they would treat as done that which the court and parties at the trial had regarded as done, and overruled the contention, and affirmed the judgment. This was a well-considered case, and the principle it announced is far-reaching; for it shows that the statute applies to all formal objections, such as the absence of a plea or a seal when the objection is made after trial, and that it forbids a reversal for such formal defects where no prejudice resulted. The purpose of the statute was to obviate the necessity of reversing judgments of conviction on account of mere errors of form which do not affect the substantial rights of the defendant. Sand. & H. Dig. § 2438.

Now, the jurisdiction of the Polk Circuit Court over this case depended mainly upon the order for a change of venue made by the Little River Circuit Court. It is not denied that a proper

order for a change of venue was made. The order for the change
of venue was not only made, but a complete transcript of ·that
order and the other proceedings of the Little River court was
made by the clerk and transmitted to the clerk of the Polk Circuit
Court. No objection was made to this transcript until after the
trial and conviction, and the only objection made now is that
it did not bear the seal of the Little River court. But as the only
purpose of the seal was to identify and prove the transcript, and
as this transcript was genuine and perfect in every respect with
the exception of the seal, we are unable to see how the absence
of the seal could have prejudiced the defendant in the least
degree. We are therefore of the opinion that, under the statute
above referred to, the objection came too late after trial and
conviction, and was properly overruled.

2. *As to the comments of counsel on the failure of the
accused to testify in a criminal case.* The courts of some of the
States hold that such comments are so prejudicial that the injury
cannot be cured by instructions from the court, however forcibly
given, but the weight of authority seems to be to the contrary,
that such comments, though highly improper, may under some
circumstances work no injury where the trial judge promptly
intervenes, excludes the comments, and admonishes the jury to
disregard them. 2 Enc. Plead. & Prac. 724. In other words,
comments of that kind stand on very much the same footing as
other improper arguments, and whether they call for a reversal
or not depends upon whether, after a full consideration of all
the circumstances, including the action of the circuit judge at
the time they were made, the appellate court is of the opinion
that no prejudice resulted. Now, as the comments in this case
were not made in the closing argument, nor by the prosecuting
attorney, but by an attorney assisting in the prosecution, and,
as the presiding judge promptly intervened, reprimanded the
attorney, and instructed the jury to disregard the remarks, I feel,
on that account and for other reasons, inclined to the opinion
that no prejudice resulted. But a majority of the judges, after
considering all the circumstances, have reached a different con-
clusion. They base their opinion, not alone on the improper argu-
ment, but also on the fact that when the jury, after being out
several hours, returned into court, and announced that they were
not able to agree, the court, over the objection of the defendant,

repeated to them a single instruction on the sufficiency of circumstantial evidence to support a conviction. It is conceded that it is within the province of the presiding judge to recall the jury and give them further instructions when it is essential to the furtherance of justice that he should do so. About the propriety of doing so he is invested with a large discretion, and it is not always necessary that in such cases he should repeat the whole charge. *National Lumber Co.* v. *Snell,* 47 Ark. 407; *Allis* v. *U. S.,* 155 U. S. 123; 11 Enc. Plead. & Prac. 283-285.

But, as this instruction was repeated to the jury after they had reported that there was no prospect for an agreement, and without any request on tneir part that the charge, or any portion thereof, should be repeated, a majority of the judges are of the opinion that the action of the presiding judge in singling out this portion of the charge and repeating it to the jury might well be construed by them as an intimation from the judge that the evidence was sufficient to convict. This opinion is strengthened by the fact that the jury shortly thereafter returned a verdict of guilty. *Swaggerty* v. *Caton,* 1 Heisk. (Tenn.) 202.

On the whole case, the majority of the judges are of the opinion that the confession of error should be sustained, and the judgment reversed, and cause remanded for a new trial. It is so ordered.

BATTLE, J., dissents from so much of the opinion as holds that the objection to the transcript for want of seal was made too late, he being of opinion that the confession of error should be sustained on that ground also.