## DAVIS *v.* STATE.

### Opinion delivered July 11, 1910.

1. ABORTION—SUFFICIENCY OF INDICTMENT.—An indictment for criminal abortion which alleges that defendant did unlawfully, wilfully and feloniously administer and prescribe to a certain woman pregnant with child before period of quickening a large quantity of medicine and drugs with the unlawful, wilful and felonious intent then and there and thereby to produce an abortion and premature delivery of said foetus, etc., is not defective in failing to allege that the defendant administered the medicine with the intent to cause the abortion before the period of quickening.. (Page 9.)

2. EVIDENCE—OPINION OF EXPERT.—While a physician, as an expert witness, cannot testify as to his opinion based upon a history of the case given to him out of the court room, it is competent to propound to him a hypothetical question based upon facts that were testified to by other witnesses in the case for the purpose of obtaining his opinion upon such facts thus proved before the jury. (Page 10.)

3. APPEAL AND ERROR—NECESSITY OF OBJECTION TO EVIDENCE.—Where an improper answer of a witness to a proper question was not objected to, and no request was made to have it excluded, its admission cannot be objected to on appeal. (Page 10.)

4. WITNESSES—CROSS EXAMINATION.—It is competent, on cross examination of a medical witness, to submit to him hypothetical questions to test his competency, as well as to affect his credibility. (Page 11.)

5. SAME—COMPETENCY OF REBUTTING EVIDENCE.—Where the defendant had sought to contradict the prosecuting witness in a prosecution for abortion by introducing a letter which seemed to contradict her testimony, and which defendant claimed was written by her, it was competent for the prosecuting witness to prove that the letter was written by one of her relatives, and that she had told such relative the facts therein contained, and also that the charges therein made against defendant's relatives were true. (Page 11.)

6. ACCOMPLICE—EFFECT OF REMAINING SILENT.—The mere fact that one remains passively silent after being informed of a crime, without intending to shield the criminal, does not make him an accessory to the crime. (Page 12.)

7. TRIAL—ARGUMENT.—A statement by the prosecuting attorney in an abortion case that the defendant told two witnesses that he had administered medicine to the prosecuting witness to produce an abortion, and that it was undenied in the case, and defendant could not deny it, was not objectionable as referring to the fact that the defendant had not testified in the case. (Page 13.)

Appeal from Conway Circuit Court; *Hugh Basham,* Judge; affirmed.

*Sellers & Sellers* and *Moose & Reid,* for appellant.

Indictments for statutory offenses must include all the elements of the offense. 6 Ark. 519; 12 Ark. 609; 29 Ark. 147; 62 Ark. 512; 47 Ark. 488; *Id.* 572. An expert can not base his opinion on the history of the case. 27 Kan. 463; 78 Wis. 84; 40 L. R. A. 836. Besides, a hypothetical question that assumes as true the fact in issue is erroneous. 17 O. St. 522; 51 Pac. 808; 35 Fed. 730. The question as to whether the witness was an accomplice should have been submitted to the jury. 36 Ark. 117; 90 Ark. 461; 12 Cyc. 192. The mere failure to disclose the commission of a felony does not make one an accessory. 43 Ark. 367; 12 S. W. 491. One accomplice cannot corroborate another. 4 Greenl. 65; 42 Conn. 261; 61 S. W. 16; 61 S. W. 756; 61 S. W. 735; 8 S. W. 865; 18 S. W. 645; 44 S. W. 495; 5 Am. St. R. 916. The defendant's failure to testify cannot be made the subject of comment to his prejudice. 62 Ark. 126; 22 Ia. 253; 58 Ia. 473; 61 Ark. 130; 62 Ark. 516; 74 Ark. 256; 70 Ark. 306; 77 Ark. 238; 65 Ark. 625; 75 Ark. 577; 72 Ark. 468; 63 Ark. 174; 74 Ark. 210; 72 Ark. 139; 76 Ark. 276; 65 Ark. 389; 70 Ark. 179; 76 Ark. 370; 89 Ark. 58; 87 Ark. 461; 87 Ark. 515; 81 Ark. 25; 81 Ark. 231; 80 Ark. 23.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellee.

The indictment was sufficient. Kirby's Dig. § § 2228, 2241, 2242, 2243; 84 Ark. 477. The question asked Dr. Steel as an expert was correct. 28 Vt. 554. The prosecuting attorney's remarks were not prejudicial.

FRAUENTHAL, J.   The defendant, Lawrence Davis, was indicted by the grand jury of Conway County, charged with the crime of committing an abortion.   The charging part of the indictment was as follows: "The said Lawrence Davis, in the county and State aforesaid, on the 1st day of June, 1908, did unlawfully, wilfully and feloniously administer and prescribe to one May Cooper, a woman pregnant and with child and before the period of quickening, a large quantity of medicine and drugs, with the unlawful, wilful and felonious intent then and there and thereby to produce an abortion and premature delivery of said foetus; against," etc.

To this indictment the defendant interposed a demurrer, which was overruled.   Upon his trial the jury found the defendant guilty of the crime, and assessed his punishment at one year's imprisonment in the penitentiary and a fine of one hundred dollars.

It is urged by counsel for the defendant that the indictment is fatally defective because it does not charge that the defendant administered the medicine with the intent to commit the abortion before the period of quickening.   The crime with which the defendant was charged is defined by section 1570 of Kirby's Digest, which is as follows: "It shall be unlawful for any one to administer or prescribe any medicine or drugs to any woman with child with intent to produce an abortion or premature delivery of any foetus before the period of quickening.  * * * And any person offending against the provisions of this section shall be fined in any sum not exceeding one thousand dollars and imprisoned in the penitentiary not less than one nor more than five years.  * * *"

The felony thus created by the statute consists in the criminal act of administering or prescribing medicine to the woman with child with intent to produce an abortion.   An abortion is the delivery or expulsion of the human foetus prematurely.   There must be an intent to cause the abortion without lawful reason, and this must be accompanied by the unlawful act of administering the drug.   In the case of *State* v. *Reed*, 45 Ark. 333, it was held that under this statute the indictment must allege that the criminal act of administering the drug was done "before the period of quickening."   That is the time when the overt act must

be committed; and when that act is accompanied by the intent to produce an abortion, the crime is complete. The criminal intent consists in the design to cause an abortion, whether it shall result before or after the period of quickening. The intent becomes criminal by reason of the unlawful design for which the medicine is administered; and when the medicine is administered with this unlawful design, the act becomes criminal, without the necessity of any other or further intent. The criminal act under this statute was complete when the drug was administered "before the period of quickening" for the purpose of causing an abortion; that is, with the intent of causing a delivery or expulsion of the human foetus prematurely. The indictment sufficiently made this charge; and it was not necessary to charge also that the drug was administered for the purpose of causing a delivery or expulsion of the human foetus before the period of quickening.

Upon the trial of the case the defendant introduced as an expert witness, Dr. Steel, a practicing physician. The State had prior to this introduced a witness, Dr. J. C. Cunningham, who had testified that he had examined May Cooper and found certain conditions and symptoms, which he detailed, and which he stated indicated pregnancy. Dr. Steel testified that no positive diagnosis of pregnancy could be made from these conditions and symptoms detailed by Dr. Cunningham. Upon cross examination the following question was propounded to Dr. Steel by the State:

"Q. Assuming that a woman had been criminally intimate with a man for quite a while, and that you received information that she was in a family way, and that an abortion was to be produced, and you was called to see her, and found her suffering with a dilated os, these hemorrhages, and the breasts as mentioned, and if you found softening of the lower vagina with pains bearing down, in your opinion, what would be the matter with her? How would you diagnose that?"

Objection was made to the asking of this question, and, the objection being overruled, the witness answered: "Information beforehand, coupled with this, of course my opinion would be an abortion." There was no objection made to the answer, nor any motion to exclude it.

It is urged that it was erroneous to permit this question to be propounded for the reason that it asked for an opinion based on hearsay alone. But we do not agree with this contention. May Cooper had prior to this appeared as a witness in the case, and had testified to her condition when she was examined by Dr. Cunningham, and she stated that she was pregnant when the drug was administered, and that the defendant had given it to her for the purpose of producing an abortion; and Dr. Cunningham had testified to the details of her condition when examined by him, which are set out in the question. So that all the facts set out in the question propounded to Dr. Steel had been testified to before the jury. The question was not based upon hearsay testimony, but was based upon facts proved before the jury. If it should be considered that this question was propounded to Dr. Steel for the purpose of obtaining the opinion of an expert witness upon a hypothetical question, it was competent because it was based upon facts as proved before the jury. A physician cannot testify as to his opinion based upon a history of the case given to him out of the court room, because such history would be based on statements not made under oath. But it is competent to propound to a physician a hypothetical question based upon facts that were testified to by other witnesses in the case, for the purpose of obtaining his opinion upon such facts thus proved before the jury. Wigmore on Ev. § 688; 1 Greenleaf on Ev., § 102; *Atchison, T. & S. F. Rd. Co.* v. *Frazier*, 27 Kan. 463; *Vosburg* v. *Putney*, 78 Wis. 84; *Heald* v. *Thing*, 45 Me. 392; 1 Ency. Plead. & Prac. 145.

We do not think that it was improper to permit the question to be propounded to Dr. Steel. The answer was not responsive to the question, and it was not proper for the physician to state what his opinion would have been if based upon information received, as he said, "beforehand." But the answer was not objected to, and no request was made to exclude it. And we are also of the opinion that this examination was competent for the reason that it consisted of the cross examination of an opposing witness, and its purpose was to test his competency as an expert as well as to affect his credibility as a witness.

It is urged that the court erred in permitting the witness May Cooper to testify to certain abuses that had been visited

upon her by defendant's relatives in the absence of the defendant. This testimony was admitted for the purpose of explaining why a certain letter was written by a relative of the witness. This letter was introduced by the defendant himself, who contended that it had been written by the witness. The object of its introduction was to contradict the witness by its contents; to show that she had written the letter, and that it contained matter which was contradictory of statements made by her on the witness stand. The letter referred to abuses which had been heaped upon her by the relatives of the defendant, and spoke of the defendant in virulent and bitter terms. On the stand she testified that she still loved the defendant. The witness claimed that the letter was written by her relative, and not by her. And it was competent for her to state that she had told her relative of these abuses, inasmuch as such testimony would tend to prove that her relative had the knowledge of the matters about which he wrote in this letter, and therefore would tend to show that he wrote the letter, and not the prosecuting witness.

It is urged that the court erred in refusing to submit by proper instructions to the jury the question as to whether or not Dan Bentley, a witness for the prosecution, was an accomplice, and to charge the jury that, in event he was an accomplice, his testimony should not be accepted in corroboration of the testimony of May Cooper as to the commission of the crime. It appears from the evidence that Dan Bentley resided in the city of Little Rock, and was a friend of the defendant. The witness May Cooper testified that the defendant administered the drug to her at Morrilton, Arkansas, for the purpose of producing an abortion. After the time that it was alleged that this was done the defendant went to Little Rock, and there had a conversation with the witness Bentley. In this conversation the defendant told the witness of the pregnancy of May Cooper, and that he had administered the medicine to her. The witness kept this a secret because, as he said: "I did not think it was necessary to tell any body about it." He stated: "I just simply talked to him about it. I did not suggest anything for him to do." He also testified that he gave him advice as a friend.

It is urged that the witness Bentley was an accomplice, because he was an accessory after the fact. It has been held

by this court that "an accomplice in the full and generally accepted signification of the word is one who in any manner participates in the criminality of an act, whether he is considered in strict legal propriety as principal in the first of second degree or merely as an accessory before or after the fact." *Polk* v. *State,* 36 Ark. 117; *Hudspeth* v. *State,* 50 Ark. 534; *Edmonson* v. *State,* 51 Ark. 115.

It is contended that, by virtue of our statute (Kirby's Digest, § 1562), Bentley was an accessory after the fact because, with knowledge that the abortion had been committed, he concealed his knowledge of the crime. But we are of opinion that the word "conceal," as here used in our statute, implies some act or refusal to act by which it is intended to prevent or hinder the discovery of the crime; that a mere failure to give information is not enough. The mere passive failure to disclose the commission of the crime would not make one an accessory after the fact under our statute. There must be some affirmative act tending toward the concealment of its commission or a refusal to give knowledge of the commission of the crime when same is sought for by the officials of the person having such knowledge. It has been held by this court that the fact that the person knowing of a crime conceals his knowledge of its commission for his own safety does not raise a presumption that he is an accomplice. *Melton* v. *State,* 43 Ark. 371; *Carroll* v. *State,* 45 Ark. 539; *McFalls* v. *State,* 66 Ark. 16. And so mere silence, without the intent to shield the criminal, raises no presumption that the person who is thus passively silent as to his knowledge of the crime is an accomplice. We do not think that there was any testimony adduced in the case which tended to prove that the witness Bentley was an accessory after the fact or an accomplice in the commission of the crime charged against the defendant. He did not act to shield, relieve or assist the defendant, but simply remained passively silent concerning what was told him.

It is urged that the case should be reversed because the prosecuting attorney used unjustifiable language in his argument to the jury. We have examined the remarks complained of, and, while we do not think that all of them were entirely proper, nevertheless we do not think that any of them was

prejudicial. Among the remarks complained of were the following:

"He (referring to the defendant) told Bentley and Dr. Cunningham how he had administered the medicine to her to produce an abortion. And it is undisputed and undenied in this case, and he cannot deny it." These remarks, we think, were but the expression of the opinion of the State's attorney as to the weight of the testimony of these two witnesses, and could not fairly be construed to refer to the fact that the defendant had not testified in the case, and did not tend to create any presumption against him by reason of his failure to testify. *Blackshare* v. *State*, 94 Ark. 548.

There are other errors which counsel for defendant urge were committed in the trial of this case; but we do not deem it necessary to note them in detail. Some of them refer to certain instructions which were given on behalf of the State and to others which were requested by the defendant, and refused. We have examined each of the instructions that were refused and all that were given. We are of opinion that the instructions given fairly presented every issue, and were correct declarations of the law applicable to the case.

We find no prejudicial error committed in the trial of the case. The judgment must accordingly be affirmed.