## BRIDGMAN *v.* STATE.

### Opinion delivered March 15, 1926.

1. DRUNKENNESS—ON PUBLIC HIGHWAY.—Evidence *held* to sustain a finding that accused appeared upon a public highway in a drunken condition.

2. CRIMINAL LAW—IMPROPER ARGUMENT—REFERENCE TO ACCUSED'S FAILURE TO TESTIFY.—It is error, presumptively prejudicial, for the prosecuting attorney to call attention of the jury to the failure of the accused to testify.

Appeal from Stone Circuit Court; *Dene H. Coleman,* Judge; reversed.

*J. Allen Eades,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HART, J. Leonard Bridgman prosecutes this appeal to reverse a judgment of conviction against him for violating § 2626 of Crawford & Moses' Digest, charged to have been committed by appearing upon a public highway in a drunken or intoxicated condition.

The first assignment of error is that the evidence is not sufficient to support the verdict.

The trial was had on the 16th day of November, 1925. According to the testimony of L. M. Gowers, along some time in September or October, 1922, he met the defendant, Leonard Bridgman, and his brother, Willis Bridgman, on a public highway in Stone County, Arkansas. The witness asked Willis whom he had in the car with him. The latter replied that it was his brother. The defendant raised his head up, and witness remarked that he looked a little bit peculiar. Willis said, "We met some of the boys over here on the road, and they had some 'old wildcat,' and he got too much of it." The witness thought the defendant was drunk, and he was at the time on the highway leading to Big Springs in Stone County, Arkansas. On cross-examination, the witness admitted that he did not smell any liquor on the defendant, but said that he appeared to be drunk. His face was very red, and he was

"kinder slobbering, and looked in a peculiar way. There was something wrong with him."

Willis Bridgman was a witness for the defendant, and denied that his brother was drunk on the occasion in question, and denied that he told the prosecuting witness that his brother had drunk too much moonshine whiskey.

The jury was the judge of the credibility of the witnesses, and by its verdict believed the testimony of the witness for the State. His testimony, if true, was sufficient to support the verdict.

The next assignment of error is that the court erred in allowing the prosecuting attorney to refer to the fact that the defendant had not testified in the case. The record showed that, in the argument of the attorney for the State, among other things, he stated that the defendant's brother, Willis, said that Leonard had not had any liquor that day, but that the defendant did not say so. The defendant objected to this argument, and saved his exception to the ruling of the court in overruling his objection.

This court is committed to the rule that, under § 3123 of Crawford & Moses' Digest, it is improper and presumptively prejudicial for the prosecuting attorney to call the attention of the jury to the failure of the accused to testify. *Lee* v. *State,* 73 Ark. 148, and *Starnes* v. *State,* 128 Ark. 302. The Attorney General, however, attempts to justify the action of the court under the authority of *Markham* v. *State,* 149 Ark. 507.

In that case it was held that, under the facts, the remarks of the prosecuting attorney could not be construed as a comment upon the failure of the defendants to testify. Markham and four others were separately indicted, but their cases were consolidated for trial. In the course of his argument the prosecuting attorney used the following language: "We find the five leaving the mill and going in the direction of the still. None of them denied that they went to the still but Perry Franklin." There were other parties besides the appel-

lants said to have been at the still on that day when the appellants got there. The appellants might have proved by these parties that they were not at the still on the occasion in question, or the appellants might have been witnesses for each other. Hence the court ruled that the remarks of the prosecuting attorney could not be construed as a comment upon the failure of the defendants to testify, and that the remarks did not contravene the provision of the statute to the effect that the failure of the accused to testify should not create any presumption against him.

In the instant case the defendant and his brother, Willis, were met by the prosecuting witness. The prosecuting witness testified that the defendant was drunk, or appeared to be drunk, when he met him and his brother in the public road. The brother of the defendant denied that the defendant was drunk. No other person than the prosecuting witness, the defendant and the brother of the defendant was present at the time. Hence the remarks of the prosecuting attorney to the effect that the defendant did not say that he had not had any liquor on that day could only refer to the fact of the failure of the defendant to testify in the case. His brother had testified that the defendant had not had any liquor on that day, and the reference that the defendant did not say so necessarily referred to the fact that he did not testify in the case.

The Legislature has seen fit to pass the statute in question, and there seems to be no discretion with the court in passing upon the probable injury of such allusion. This being true, we have no alternative except to reverse the judgment. The judgment is accordingly reversed, and the cause remanded for a new trial.