EVANS AND FOUST v. STATE.

4727                                              255 S. W. 2d 967

Opinion delivered March 16, 1953.

*Eugene Coffelt* and *Ed Jackson,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp S. Thomas,* Assistant Attorney General, for appellee.

ROBINSON, Justice. Appellants Lennie Evans and Doc Foust were convicted on the charge of cutting down and destroying trees valued at more than $10 on lands belonging to Roscoe C. Hobbs. Since there must be a reversal, it is only necessary to deal with one of the assignments of error, as the other points are not likely to arise in a new trial.

The principal witness for the State was Clyde Edmondson, a youth 17 years of age. Neither of the defendants took the witness stand.

The prosecuting attorney, in his closing argument to the jury, said: "... and you had been called in here to testify, and placed under bond, you would begin to search your mind and to place in your mind indelibly where you were on that occasion, and what you were doing. These boys are hauling timber all the time. Where were you on the 16th, gentlemen, if you were not where this little boy says you were?" It is obvious that the prosecuting attorney was asking the defendants where they were on the 16th if they were not where Clyde Edmondson had testified he saw them; and when the prosecuting attorney said: "That is what I say I would have introduced by these witnesses if I had called them here, wouldn't you?", it is clear that he was referring to the defendants' not taking the stand, and was improper argument. It is not necessary to decide here whether the error was one that could be cured by an admonition of the court, as no such admonition was given.

In *Perry* v. *State,* 188 Ark. 133, 64 S. W. 2d 328, the prosecuting attorney in his argument to the jury said: "In fact, the defendant has not denied a single, solitary

iota of evidence that has been given against him from the stand here today." Mr. Justice BUTLER, speaking for the Court on that case, said: "The necessary effect of this language was to direct to the jury's attention the failure of the defendant to testify. This Court in *Bridgman* v. *State,* 170 Ark. 709, 280 S. W. 982, said 'This Court is committed to the rule that under § 3123 of Crawford & Moses' Digest (§ 43-2016, Ark. Stats.) it is improper and presumptively prejudicial for the prosecuting attorney to call the attention of the jury to the failure of the accused to testify. *Lee* v. *State,* 73 Ark. 148, 83 S. W. 916; and *Starnes* v. *State,* 128 Ark. 302, 194 S. W. 506'."

In many instances counsel for the defendant in a criminal case has quite a problem in deciding whether to put the defendant on the witness stand. It is risky either way. On the one hand, usually the defendant will not make a good witness; often it is the first time that he has been in a court room. His very life may be at stake; he is under terrific pressure. He is inclined to be nervous, which the jury may attribute to guilt; and the very fact that he is the defendant may cause the jury to regard with suspicion anything he has to say. On the other hand, if he is not placed on the witness stand, the jury may regard his failure to testify as indicating guilt and that he dares not face cross-examination.

Our law wisely provides that the failure of a defendant to testify shall not create any presumption against him. The prosecuting attorney should carefully refrain from using any words or gestures which would be calculated to call to the jury's attention the fact that a defendant has not testified.

Reversed and remanded for a new trial.