Jerry McCROSKEY *v.* STATE of Arkansas

CA CR 79-16                                        586 S.W. 2d 1

Opinion delivered August 22, 1979
and released for publication September 12, 1979

*John W. Achor,* Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Dennis R. Molock,* Asst. Atty. Gen., for appellee.

ERNIE E. WRIGHT, Chief Judge. This was an appeal to the Arkansas Supreme Court and has been assigned to the Court of Appeals for disposition pursuant to Rule 29(3) of the Arkansas Supreme Court.

The appellant was convicted by a jury in the Pulaski County Circuit Court, First Division, of the crime of aggravated robbery under Ark. Stat. Ann. §41-2102 and of having been convicted of three prior felony offenses under Ark. Stat. Ann. §41-1001. He was tried jointly with a Co-defendant, Jerry Lee Bradden, who was also convicted and is not a party to this appeal.

Appellant contends the trial court erred in admitting into evidence a confession of the Co-defendant, Bradden, without entirely deleting inculpating references to the involvement of another person. The confession, as admitted with addictions, did not specifically name appellant. Appellant also contends that the court erred in refusing to grant appellant's motion for mistrial because of prejudicial closing argument of the prosecuting attorney. The prosecuting attorney made the following remarks in his closing argument to the jury,

> "Now, that's the State's case along with the statement of Jerry Braden (sic), which was that he was riding around with some other fellows in the car, that one of them knew a place where they could rob, a chicken place, that one of the men had a black .22 pistol and that he (Bradden) didn't have a gun. 'Me and him got out and went inside. I ordered some chicken. He went in the bathroom.' *His statement, of course, doesn't name who was with him but from the other witnesses we know who has been testified to went in the bathroom. The witnesses testified that McCroskey is the man that went in the bathroom.*" (Emphasis added.)

At an In Camera hearing the court required all

references to appellant by name to be deleted from the confession so that reference to the appellant was simply to "the other man", and the confession, as so revised, was read in evidence before the jury. After the above argument appellant moved for mistrial.

The State, in addition to introducing the confession of the Co-defendant Bradden, after an In Camera hearing on the question as to whether the confession was voluntary, presented in evidence the testimony of the assistant manager of the restaurant allegedly robbed and two other employees of the restaurant identifying appellant and his Co-defendant Bradden as the two men involved in robbing the restaurant in Little Rock on August 12, 1978. Another employee of the restaurant present at the alleged robbery testified that the Co-defendant, Bradden, was the black man involved in the alleged robbery and testified as to the actions of a white man involved and his testimony as to the actions of the white man was corroborative of the testimony of the three witnesses who specifically identified the appellant as the white man involved in the alleged robbery. The testimony of the witnesses tended to identify the 'other man' named in the Bradden confession as the appellant.

Neither of the co-defendants took the stand and the only evidence offered by the appellant was the testimony of his sister and a girlfriend with whom appellant lived for a time to the effect that appellant was with them at his girlfriend's place of abode in Levy at the time the alleged robbery was said to have occurred.

Appellant correctly states the law that the confession of one defendant is hearsay and inadmissible against his co-defendant. The Sixth and Fourteenth Amendments to the Federal Constitution guarantee to a defendant in criminal prosecutions the right to be confronted with witnesses against him and the right to cross-examine them.

It is clear that the trial judge carefully required the confession of the Co-defendant Bradden to be revised to delete any reference by name to the appellant before it was read in evidence. The question here arises over the fact that

testimony of other witnesses on behalf of the State tends to identify appellant as the "other man" in the addicted confession of the co-defendant; and the prosecuting attorney referred in his closing argument to 'the other man', who, according to the confession, accompanied Bradden, had a gun, went in the bathroom, went behind the counter and shortly came out carrying the money and of Bradden receiving $100.00 of the money.

Appellant objected to the argument of the prosecuting attorney and moved for a mistrial. The court denied the motion and stated, "It's argument. It's not evidence."

In the case of *Bruton* v. *United States,* 391 U.S. 123, 88A S. Ct. 1620 (1968), the confession of a co-defendant was received in evidence. The confession contained incriminating statements against appellant and identified the appellant by name. Although the trial judge instructed the jury that the confession of the co-defendant was not evidence against the appellant Bruton, the court held the confession added substantial weight to the Government's case against Bruton in a form not subject to cross-examination; and that this constituted a violation of Bruton's Sixth Amendment right to be confronted with the witnesses against him.

In the *Bruton* case the appellant was specifically identified by name in the confession of his co-defendant that was received in evidence. However, the identity of appellant in the present case could be determined in light of other evidence that was received. No instruction was requested or given that the jury could not consider any part of the Bradden confession in determining the guilt or innocence of appellant. However, appellant had objected to the Bradden confession being received without deleting any reference to "another person".

The prosecuting attorney also argued:

"It's obvious what happened in the case, especially from the defendant's statements. The two of them planned this robbery. They went in together . . . Mr. McCrosky went to the back. He didn't pull out the

pistol . . . But we know there was a pistol and we know he represented there was one."

Since the confession of the co-defendant was not competent evidence against the appellant, it was error for the prosecuting attorney to make an argument to the jury calculated to have the jury consider the confession of the co-defendant as evidence against the appellant, as was done in this case.

Appellant further contends that the court erred in refusing to grant its motion for mistrial, because of alleged prejudicial remarks of the prosecuting attorney incident to appellant's failure to testify.

The prosecuting attorney made the following remarks to the jury in his closing argument,

"And what evidence do you have concerning this statement? You've got two officers who have sworn under oath as to the circumstances of taking the statement. There's been no evidence submitted in any way to challenge anything other than that was a perfectly free and voluntary statement given by Mr. Braden. (sic). That's the only testimony."

It is true the statement was made with reference to the voluntary character of the co-defendant's confession. However, there was no instruction for the jury to be concerned with the question as to whether the co-defendant's statement was voluntary.

In *Adams* v. *State* 263 Ark. 536, 566 S.W. 2d 263 (1978), a case in which appellant did not take the stand, the court reversed a conviction of the appellant because the prosecuting attorney in the closing argument to the jury said,

" . . . to convict him, the defendant, you don't have to disbelieve any part of their case, because what did the defense, how many witnesses did the defense put on for your consideration."

The court said, "It is well settled that comment on the failure of a defendant to testify in a criminal case is violative of the self incrimination clause of the Fifth Amendment to the United States Constitution, which is applicable to the States by the Fourteenth Amendment to the Constitution."

The statement of the prosecuting attorney in the present case, focused attention on the fact that appellant failed to take the stand and in any way challenge the statement of the co-defendant that was received in evidence. Appellant's constitutionally protected right was there by infringed and we are unable to say that the error was harmless beyond a reasonable doubt. *Chapman* v. *California,* 388 U.S. 18, 87 S. Ct. 824.

Reversed and remanded.