Randy PHILLIPS *v.* STATE of Arkansas

CA CR 84-80                    676 S.W.2d 753

Court of Appeals of Arkansas.
Division II
Opinion delivered October 10, 1984

*Stripling & Morgan,* by: *Dan Stripling,* for appellant.

*Steve Clark,* Att'y Gen., by: *Leslie M. Powell,* Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was charged with third degree battery, tried by a jury, convicted and sentenced to 90 days in jail and a $100.00 fine. In his sole point for reversal, the appellant argues that in his closing statement, the deputy prosecuting attorney commented on the defendant's failure to testify, and the trial court erred in refusing to grant the appellant's motion for a mistrial based on the comment.

On December 23, 1982, the appellant attended a dance at the Folk Center in Mountain View. Richard Sanchez, who was a musician at the dance, went outside while on break at around 11:30. Immediately upon leaving the building where he was playing, Mr. Sanchez was either shoved or tripped and fell down a hill. Upon coming to rest, Mr. Sanchez testified that he looked up and saw the appellant. He stated that the appellant spoke to Mr. Sanchez in a threatening tone, asking if he "wanted some of this." Mr. Sanchez testified that he replied that he needed someone to carry him to the hospital because he thought his leg was broken. It is further alleged that at this time, the appellant kicked Mr. Sanchez and broke his collarbone, thus giving rise to the battery charge. The defense elicited testimony which indicated that Sanchez had told a different story at the hospital.

In his summation to the jury, the deputy prosecutor stated:

> You haven't heard one person that was there tell you that Randy Phillips didn't do this. The only people that were there all told you that Randy Phillips . . .

At this point defense counsel objected and requested that the trial court grant a mistrial based on this comment, alleging that it called attention to the fact that the appellant had failed to take the stand and testify. According to the appellant, the statement is improper because it mentions the appellant's name in the same sentence as it is mentioned that

everyone who was at the scene testified that the appellant had committed the crime, thus calling attention to the fact that although the appellant was present, he failed to take the stand and deny his guilt.

The appellee argues that the prosecutor's statement was simply directed to the fact that the nurses who had testified for the defense in order to impeach Sanchez' statement were not eyewitnesses to the alleged battery and thus the testimony of the victim and another was more credible.

A statement by the prosecuting attorney which is a comment on an accused's silence violates the self-incrimination clause of the Fifth Amendment to the United States Constitution made applicable to the states by the Fourteenth Amendment. Since *Griffin* v. *California,* 380 U.S. 609 (1965), which held that a prosecutor could not make any direct reference to the failure of the accused to take the stand, most prosecutorial comments on the failure of an accused to testify have been subtle and ambiguous. *See,* Hall, *The Bounds of Prosecutorial Summation in Arkansas,* 28 Ark. Law Rev. 55 (1975). While the United States Supreme Court has stated in the recent case of *United States* v. *Hasting,* ___ U.S. ___, 103 S.Ct. 1974 (1983), that *Griffin* error is not prejudicial *per se,* and that the reviewing court has a duty to determine if, absent the prosecutor's statement, it is clear beyond a reasonable doubt that the jury would have returned a verdict of guilty, the Supreme Court of Arkansas has declined to adopt such a rule. In the recent case of *Pruett* v. *State,* 282 Ark. 304, 669 S.W.2d 186 (1984), the court stated:

> When a comment about an accused's silence is made before a jury by the prosecution a mistrial is proper. Prejudice is presumed in such cases. *Adams* v. *State,* 263 Ark. 536, 566 S.W.2d 387 (1978).

See also *Evans and Foust* v. *State,* 221 Ark. 793, 255 S.W.2d 967 (1953).

Certain statements by the prosecution in summation referring to the nature of the State's case have been upheld as not violative of the accused's right to refuse to testify. In

*Harris* v. *State,* 260 Ark. 646, 543 S.W.2d 459 (1976), the prosecutor stated:

> Possession? You heard the three agents get on the stand and say that the hundred pounds of substance was taken from these two defendants out there on Cato Springs Road on April 29th, 1974. *There has been absolutely no testimony to contradict that.* I don't think that is even an issue at this point. They possessed it; a hundred pounds — Approximately one hundred pounds — .

The court held that this statement did not constitute a comment on the appellant's failure to testify. In *Moore, Frazier & Davidson* v. *State,* 244 Ark. 1197, 429 S.W.2d 122 (1968), the statements that the case was "uncontradicted and undenied"; "I will leave that because the record is bare"; "There is nothing else in here except the testimony and proof of the sheriff"; "There has been no proof as to who [certain equipment] belonged to, the testimony was that nobody would claim it, nobody has acquired it, nobody has come here today to acquire it"; and "If I was picked up with [the equipment introduced into evidence], there would be some explanation of what it was doing in my car and what I was doing with it," all were held to be expressions attributable to the weight to be given to the evidence, rather than attempts to call the jury's attention to the fact that the appellants failed to testify. For a review of other statements held not to be improper, see Chief Justice Harris' dissent in *Adams* v. *State, supra.*

Other statements by the prosecution in summation, however, have been held to violate the accused's right to remain silent. In *McCroskey* v. *State,* 266 Ark. 806, 586 S.W.2d 1 (1979), the prosecuting attorney stated:

> And what evidence do you have concerning this statement? You've got two officers who have sworn under oath as to the circumstances of taking the statement. There's been no evidence submitted in any way to challenge anything other than that was a perfectly free and voluntary statement given by Mr. Braden (sic). That's the only testimony.

The court reversed and remanded for a new trial, holding that this statement focused attention on the fact that the appellant failed to take the stand and in any way challenge the statement of the co-defendant which was introduced in evidence.

In *Adams* v. *State,* the prosecutor stated in closing argument to the jury:

> . . . . .To convict him (the defendant) you don't have to disbelieve any part of their case, *because what did the defense, how many witnesses did the defense put on for your consideration?*

The court, in reversing the trial court, stated:

> It is apparent that in light of the prosecuting attorney's comment the jury could have surmised appellant's failure to tesify was an admission of guilt. Thus, the exercise of a constitutional right could have been damaging evidence against the appellant.

In *Evans and Foust* v. *State, supra,* the court reversed the appellants' conviction and remanded the case for a new trial based on the following statement by the prosecutor:

> . . . and you had been called in here to testify, and placed under bond, you would begin to search your mind and to place in your mind indelibly where you were on that occasion, and what you were doing. These boys are hauling timber all the time. Where were you on the 16th, gentlemen, if you were not where this little boy says you were?

In reversing, the court stated:

> Our law wisely provides that the failure of a defendant to testify shall not create any presumption against him. The prosecuting attorney should carefully refrain from using any words or gestures which would be calculated to call to the jury's attention the fact that a defendant has not testified.

In the case at bar, the prosecutor, in his statement, essentially was arguing that the evidence of the appellant's guilt to the battery charge was uncontradicted.

It is easy to state that the prosecuting attorney should not comment on a defendant's failure to testify. Identifying such statements, and separating them from the prosecutor's comments concerning the uncontradicted testimony of the State's witnesses, is difficult. The prosecutor must be able to argue the weight of the evidence, including the fact that the witness' testimony was consistent and uncontradicted. Also, as the Arkansas Supreme Court stated in *Pruett* v. *State, supra:*

> The court is in a position to note the manner of delivery of such statements and the inflections or emphasis used and is therefore in the better position to understand how the jury perceived it. *Perry* v. *State,* 277 Ark. 357, 642 S.W.2d 865 (1982)

In the case at bar, we hold that the trial court did not err in failing to grant a mistrial.

Affirmed.

CORBIN, J., dissents.

DONALD L. CORBIN, Judge, dissenting. I must respectfully dissent. I find very little difference between the comments made by the prosecutor in *Adams* v. *State,* 263 Ark. 536, 566 S.W.2d 387 (1978), and those made by the deputy prosecutor in the instant case. The remark by the prosecutor here clearly called the jury's attention to the fact that appellant Phillips had failed to take the stand and testify. The majority has reached the wrong result under existing case law in Arkansas and I would reverse and remand.

I believe the better rule to be that of *United States* v. *Hasting,* 103 S.Ct. 1974 (1983), where in referring to the holding of *Griffin* v. *California,* 380 U.S. 609 (1965), it was held that *Griffin* error is not prejudicial *per se* and that the

reviewing court has a duty to determine if, absent the prosecutor's statement, it is clear beyond a reasonable doubt that the jury would have returned a verdict of guilty.

The majority believes the Arkansas Supreme Court has declined to follow the rule of *Hasting, supra.* I believe we should adopt it as it provides adequate protection against self-incrimination. To do so would accomplish the same result in the instant case as the majority has reached.