GREATHOUSE *v.* STATE.

Opinion delivered November 17, 1924.

1. WITNESSES—LATITUDE OF CROSS-EXAMINATION.—It is within the trial court's discretion, on cross-examination of a witness, to refuse to permit questions of the same purport as those already asked to be repeated.

2. SEDUCTION—COMPETENCY OF EVIDENCE.—Testimony in a seduction case that defendant had been going with the prosecutrix, and that he had stated that if he ever married he would marry her, was competent as to the issues both of intercourse and of promise of marriage.

3. CRIMINAL LAW—DECLARATION IN NATURE OF CONFESSION.—Testimony as to a statement of the accused in a seduction case that he would have to marry the prosecutrix or leave the country was admissible as in the nature of a confession that he had had intercourse with her and had promised to marry her; also because it tended to corroborate the prosecutrix.

4. CRIMINAL LAW—ARGUMENT OF COUNSEL.—Comments of the State's attorney in a seduction case on defendant's failure to testify and to introduce certain letters in his possession, while improper, were cured by the court's admonition to disregard such remarks.

5. CRIMINAL LAW—INSTRUCTIONS.—The court's charge in a criminal case should be considered as a whole.

6. CRIMINAL LAW—ARGUMENTATIVE INSTRUCTION.—An instruction in a seduction case, that, in determining the corroboration of the prosecutrix, the jury might consider statements made by the defendant, if any, letters, if any, birth of a child, and such other facts and circumstances as in the jury's opinion tend to shed light upon the facts of the case, *held* not argumentative.

Appeal from Howard Circuit Court; *Ben E. Isbell,* Judge; affirmed.

*Jas. S. McConnell* and *W. P. Feazel,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

WOOD, J. The appellant appeals from a judgment convicting him of the crime of seduction. He assigns seventeen separate grounds for reversal, in his motion for a new trial, and groups these assignments, for argument in his brief, under the following heads:

1. Error of the court in the manner in which the court's examination of witnesses was conducted.

2. Error of the court in permitting incompetent testimony.

3. Error of the court in permitting improper argument of counsel.

4. Error of the court in granting instructions.

5. The evidence was not sufficient to sustain the verdict.

We will dispose of these in the order mentioned.

First. The prosecuting witness testified that she had sexual intercourse with the appellant because she loved him and had confidence in him, and because he promised to marry her. She stated that she had sexual intercourse with him more than once; that, when she discovered that she was pregnant, she communicated that fact to the appellant, and that he said, "We will have to get rid of it," and told her that he was not able to marry then, and persuaded her to take medicine, if he would get it, to get rid of the child. After answering repeated questions on cross-examination with reference to her association with another boy while she was going to school, she stated, in answer to a question, that the first act of sexual intercourse with the appellant was about eighteen months prior to the trial. She stated that she didn't remember the date exactly. Counsel for appellant then asked her the following question: "Do you know what took place at this time?" and she answered, "I do, but I don't want to state it." Thereupon the prosecuting attorney stated, "That is an impertinent question." She was then asked where it took place, and stated that she didn't remember—somewhere between Shiloh and her home. The question was then repeated, "Do you know what took place at that time?" The prosecuting attorney objected, and the court sustained the objection. The appellant duly excepted to the ruling of the court.

There was no prejudicial error in this ruling of the court. The witness had already testified as to the first alleged act of sexual intercourse and detailed fully the circumstances as to the time and place of its occurrence.

Then when she stated that she didn't remember exactly the date, she was asked the further question, "What took place at that time?" and, in making his objection, the prosecuting attorney stated that the question was "impertinent." Then, after the witness had answered further that she didn't remember where the alleged act took place—somewhere between Shiloh and her home—the question, "Do you know what took place at that time?" was repeated. The district attorney objected, whereupon the court sustained the objection.

Counsel for appellant contends that the court sustained the objection on the ground that the question was impertinent, meaning that counsel for appellant was impertinent or impolite to the witness. But it occurs to us that the court sustained the objection on the ground that the fullest latitude had already been allowed to counsel for appellant in developing the circumstances as to the time and place of the first act of sexual intercourse, and that therefore the further question as to what took place at that time was impertinent in the sense that it was unnecessary and improper to continue the cross-examination along this line. It was within the discretion of the court to refuse to permit questions of the same purport as those already asked to be repeated. There was no abuse of the court's discretion.

Second. Appellant next contends that the court erred in allowing the testimony of Tressie Hosey, Will Hosey and Parker Davidson. Tressie Hosey testified that she was a sister of Lottie Hosey, the prosecutrix, and also of Mrs. Dose Spicer. She heard part of a conversation between her sister, Mrs. Spicer, and the appellant on the first Sunday in June, 1923, in which the appellant stated that if he ever married he would marry Lottie. She further stated that appellant had been going with her sister Lottie, who was then in school, and that he was going with her at that time. This testimony was relevant to the issue. It tended to prove the intimacy of the relationship that existed between the appellant and the prosecutrix, and was competent both on the issue

as to the alleged intercourse and as to whether it took place under a promise of marriage. It tended to corroborate the testimony of the prosecutrix on these issues.

Will Hosey testified as follows: "About the last of June a year ago we were talking about young people, and Ellis up and told me he was going to marry Lottie, and asked me, 'Reckon the old man would care?' No objection was made to the testimony of Will Hosey. Moreover, it was competent, for the reasons above given with reference to the testimony of Tressie Hosey.

Parker Davidson, a witness for the State, on being recalled testified as follows: "Q. Did you know, or were you able to know from the course of the conversation you had with him, who he had reference to? A. I could not say, because I had not lived there in eighteen months. Q. Did you know who he was going with? A. I heard about Lottie Hosey. Q. Did you also have a conversation with him in Parker's grocery store about Miss Hosey? A. I don't know whether I did or not; the only conversation I had anyways near telling me about his circumstances was there at the old bank building. Q. For the purpose of refreshing your memory, isn't it true you had a conversation with Ellis in the grocery store, in which he told you he had got in trouble with Lottie, and you advised him to carry out his promise, and you thought at first the conversation was heard by Mrs. Hodge and her daughter? A. No, I don't think so. COURT: Do you know? A. The only conversation he had with me was at the bank. Q. Who was that with reference to? A. He said he had to marry or leave the country. He did not tell me it was Lottie or who it was. They had told me he was going with Lottie."

The court admitted the testimony on the ground that it was a declaration against interest, and was subject to explanation if it was made.

The rule that declarations against interest are admissible is not applicable in criminal cases unless such declarations are in the nature of a confession of guilt, or unless they are a part of the *res gestae*. It occurs to us

that the testimony was admissible on the ground that, taken as a whole, it tended to show that the conversation between appellant and Davidson had reference to the prosecutrix, and was in the nature of a confession that he had had sexual intercourse with her and had promised to marry her, and would have to carry out this promise or leave the country. Witness had previously testified that he knew appellant and Lottie Hosey, the prosecutrix. He was asked what statement, if any, appellant made to him about marrying her, and answered, "There was a bunch of boys standing there in front of the old bank building, and I just made the remark to the boys about when was they going to get married, and Ellis said that he was going to have to marry or leave the country." Witness also stated that he knew that Lottie Hosey was ruined.

The testimony was relevant as tending to corroborate the testimony of the prosecutrix both as to the promise of marriage and the alleged act of sexual intercourse.

Third. In his remarks to the jury, June R. Morrell, a specially employed attorney for the State, while commenting upon the testimony of the prosecuting witness, among other things stated: "Why, gentlemen of the jury, this is the plainest case I ever saw. The prosecuting witness testified as to the act of the intercourse, and further testified that Ellis Greathouse was the father of her child, and he has not denied it." The appellant objected to the argument of counsel, and the court sustained the objection and instructed the jury that the argument was improper; and that they should pay no attention to it.

The prosecuting attorney, in his closing argument, while referring to and discussing the letters that the prosecutrix had received from the defendant, among other things said: "Gentlemen of the jury, Sam McConnell has a great big stack of letters written by the prosecuting witness to the defendant, lying there on the table within three feet of where I am standing, and he has not offered to introduce a single one of them." The defend-

ant objected to this statement, whereupon the court remarked, "The statement was improper, and the jury will not consider the same." The remarks of the attorneys representing the State were improper, and, in the absence of instructions of the court to the effect that the remarks were improper and that the jury would not consider them, the cause would have to be reversed on account of such improper argument. *Curtis* v. *State,* 89 Ark. 394; *Holder* v. *Jones,* 58 Ark. 481; *Hall* v. *Jones,* 129 Ark. 18. But the instructions of the court were sufficient to eliminate any prejudicial effect that the improper argument otherwise might have left in the minds of the jury. *McFalls* v. *State,* 66 Ark. 21.

Fourth: Among other instructions, the court gave the following: "Instruction No. 2. While it is necessary that the prosecuting witness be corroborated both as to the promise of marriage and the act of intercourse, the amount of such corroboration is a matter solely for the jury, and is sufficient if there is any, circumstantial or otherwise, provided you believe from the testimony the defendant guilty, beyond a reasonable doubt. And in determining the corroboration you may take into consideration their associations; statements made by the defendant, if any; letters, if any; the birth of the child; and such other facts and circumstances which, in your opinion, tend to shed light upon the facts of the case." The appellant objected generally and specifically to the giving of the above instruction.

The instruction was not phrased as aptly as it might have been, but, when the charge of the court is considered as a whole, as it must be, the instruction complained of was not calculated to confuse or mislead the jury, and was not an erroneous declaration of law, and the giving of same was not error for which the judgment should be reversed.

At the instance of the appellant, the court gave the following instructions:

"No. 5. You are instructed that, before you can convict the defendant in this case, you must find from the

evidence, beyond a reasonable doubt, first, that the defendant had sexual intercourse with the prosecuting witness in Howard County, within three years next before the finding of the indictment; second, that such carnal knowledge was obtained by virtue of an express promise of marriage, made to her at the time of or prior to the intercourse; and you cannot convict the defendant unless both of these facts are corroborated by other and independent evidence.

"No. 7. You are instructed that you cannot convict the defendant unless the prosecuting witness is corroborated by some other testimony, both as to the act of intercourse and as to the promise of marriage prior to the act of intercourse."

When instruction No. 2, given at the instance of the State, is read in connection with instructions Nos. 5 and 7, *supra,* it is clear that the charge of the court as a whole conformed to the law as announced by this court in numerous cases. *Jackson* v. *State,* 154 Ark. 120; *Lasker* v. *State,* 77 Ark. 468; *Nichols* v. *State,* 92 Ark. 412; *Brooks* v. *State,* 126 Ark. 98. The concluding paragraph of instruction No. 2 is not argumentative. It simply told the jury that they might take into consideration the statements made by defendant, if any, the letters, if any, the birth of the child, and other facts and circumstances in evidence which, in their opinion, tended to shed light upon the facts in the case. The instruction would have been in better form if these matters had not been specifically enumerated, but there was testimony tending to prove each one of the particular facts mentioned, and therefore the instruction did not assume the existence of facts which there was no testimony tending to prove. As we have already stated, instruction No. 2, when taken in connection with all the other instructions of the court's charge, could not have misled the jury to the prejudice of the appellant. The charge as a whole was a correct pronouncement of the law applicable to the facts of this case.

Fifth: It could serve no useful purpose to set out and discuss the testimony in detail on the issue as to whether there was legally sufficient evidence to sustain the verdict. The prosecutrix testified as to the act of sexual intercourse and that it was upon the promise of marriage, and there was testimony tending to corroborate her testimony both as to the act of sexual intercourse and the promise of marriage. The evidence therefore was legally sufficient to sustain the verdict. The judgment is correct, and it must be affirmed.