FERRELL v. STATE.

Opinion delivered June 25, 1928.

*Sellers & Eddy* and *E. A. Williams,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HUMPHREYS, J. Two indictments were returned against appellant on the 6th day of March, 1928, by the grand jury of Conway County, one charging him with unlawfully and feloniously running over and injuring Tom Hunter, within the corporate limits of the city of Morrilton, and the other charging him with unlawfully and feloniously running over and injuring Mrs. Tom Hunter, within the corporate limits of said city. By agreement the cases were submitted and tried together, resulting in a conviction and sentence in each case to serve two and one-half years in the State Penitentiary, from which is this appeal.

Before the trial, appellant filed a motion for a continuance in each case, which was heard by the court on testimony introduced by appellant and the State. Appellant requested that the witnesses be excluded from the

room while the motion was being heard. The court refused to grant the request, over appellant's objection and exception. After hearing the testimony the court overruled the motion, to which ruling appellant objected and excepted.

The record reflects that on the 13th day of November, 1927, at about 8:30 or 9 o'clock P. M., some one in a Ford coupe ran over Mr. and Mrs. Tom Hunter, who were walking along the shoulder of a hard surface road, within the corporate limits of the city of Morrilton, and in doing so caught the feet of Mrs. Hunter under the car in some way and dragged her down the road two or three blocks, to where it turns at a little grocery store toward the north in the direction of the compress; that the car continued to drag her until the driver reached the southeast end of the compress, where he turned into an alleyway, at which time her feet came loose from the car; that the car was being driven so rapidly its number could not be obtained by the children of Mr. and Mrs. Hunter, who were in front of them at the time they were run down, or by those who were attracted to the scene by the screams of Mrs. Hunter; that Mrs. Hunter was skinned and bruised all over, some of her ribs broken, and her limbs so badly injured that she could not walk for some time; that, as a result of the injury, Mr. Hunter's mind was so badly affected he could not remember anything about the occurrence; that he labored under the delusion that a cyclone had injured them; that the driver did not stop the car at the time he struck the Hunters nor when Mrs. Hunter's feet became extricated therefrom; that, a few minutes after a witness by the name of Bob Cross heard Mrs. Hunter scream, he met a Ford coupe with a First State Bank's sign on the side thereof coming from the direction where the parties were injured; that, the next morning, the Ford coupe was in a damaged condition at the Tri-Service Station; that, about 7:15 P. M., in the neighborhood of about one hour before the injury occurred, appellant was seen driving a Ford coupe with the First State Bank's sign thereon; that, at about

that time he stopped at Charlie Baker's restaurant and ate a lunch, after which he asked Charlie if he ever drank beer, and, when informed that he did, told him that they could get some about a mile or a mile and a half out on the road; that Charlie joined him, and went to the place and got some beer; that a number of witnesses were introduced who testified to circumstances tending to connect appellant with the commission of the offense. As no contention is made that the evidence is insufficient to sustain the verdicts and consequent judgments, the circumstances thus detailed by the several witnesses will not be set out.

Appellant objected and excepted to the introduction of the testimony of Charlie Baker concerning his visit to his restaurant and their trip in search of beer. Appellant also objected and excepted to the following statement made by Mr. Ramsey, the deputy prosecuting attorney:

"Now, gentlemen, we just want to be fair. If I knew Frank Ferrell was innocent in this crime I would say it, but the circumstances, gentlemen of the jury, that we have introduced here before you have not been denied."

Appellant also objected and excepted to the following statement made by Mr. Ragsdale, the prosecuting attorney, in his closing argument:

"I ask you if, in the argument by any one of the three distinguished gentlemen on the other side of the house, if anywhere in their argument they showed you an avenue, if they gave you one iota of reason, anything that would lead you out to arrive at any other verdict than a verdict of guilty in this case?"

Appellant first assigns as reversible error the refusal of the court to exclude the State's witnesses from the room before hearing the motion for a continuance. Nothing is reflected by the record indicating that the court abused its discretion in refusing to grant appellant's request. The matter of putting witnesses under the rule when requested is within the sound discretion

of the trial court. Unless some abuse in the exercise of the discretion is shown, the judgment will not be reversed on appeal. *Marshall* v. *State,* 101 Ark. 155, 141 S. W. 755; *Oakes* v. *State,* 135 Ark. 221, 205 S. W. 305; *Harris* v. *State,* 171 Ark. 658, 285 S. W. 367.

Appellant next assigns as reversible error the admission of Charlie Baker's testimony to the effect that, at about 7 or 7:15 P. M., before the injury occurred, he went with appellant about a mile or a mile and a half on the pike road and got some beer, and that he was driving a Ford coupe advertising the First State Bank. We think this testimony admissible as a circumstance tending to identify appellant as the driver of the car that struck Mr. and Mrs. Hunter.

Appellant next assigns as reversible error the statement made by the deputy prosecuting attorney to the jury in the opening argument. The contention is that the effect of this statement was to comment upon the failure of appellant to testify in the case. This court ruled, in the case of *Markham* v. *State,* 149 Ark. 507, 233 S. W. 676, that a statement of a prosecuting attorney to the effect that the testimony introduced by the State was undenied and uncontradicted was not tantamount to a comment upon the failure of an accused to testify.

Lastly, appellant assigns as reversible error the statement heretofore set out, made by Mr. Ragsdale, the prosecuting attorney, in his closing argument. There is nothing objectionable in the statement. It was a legitimate argument.

No error appearing, the judgment is affirmed.