LANGSTON v. STATE.

Opinion delivered November 16, 1931.

Jackson & Blackford, for appellant.

Hal L. Norwood, Attorney General, and Pat Mehaffy, Assistant, for appellee.

McHANEY, J. Appellant was convicted upon a charge of the unlawful sale of intoxicating liquor and sentenced to one year in the penitentiary. To reverse the judgment of conviction against him, he prosecutes this appeal upon the single assignment of error that the prosecuting attorney made certain prejudicial remarks in his closing argument to the jury. Appellant did not testify in his own behalf, and he offered no evidence by any other witness. A witness for the State, Burley Tyler, testified that he and two others went to appellant's place of business, and that he and one of the others went into the store and purchased two pints of liquor. This evidence was not disputed in any way, and in his closing argument the prosecuting attorney said: "The fact that Burley Tyler bought the liquor from the defendant has not been denied, and his testimony stands unimpeached."

The above statement was objected to on the ground that it was a comment on the fact that appellant had not testified, and the court was asked to instruct the jury not to consider the statement and to reprimand the counsel for making same, which the court refused to do. Another statement made by the prosecuting attorney over appellant's objections and exceptions is the following: "Gentlemen of the jury, the cold facts in this case are that Burley Tyler went into this man's place of business, and that the defendant called him off into the kitchen and sold and delivered to him two pints of liquor, as charged in the indictment, for two dollars, and I want to call your attention to the further fact, gentlemen, that this testimony is undisputed, undenied and unimpeached."

At the conclusion of the argument the court gave the jury an instruction as follows: "Gentlemen of the jury, you are instructed that the remark made by the prosecuting attorney, during his argument of the case to the jury, that the testimony of Burley Tyler was undisputed, uncontradicted and undenied by any testimony, that is, as to his purchase of the liquor alleged to have been purchased, is not to be considered by you as a comment on

the fact that the defendant did not testify, and you are now further instructed that the fact that the defendant has not testified in this case should not be considered as a circumstance against him, or a circumstance of his guilt.

"In arriving at your verdict in this case, you will consider only the testimony as you have heard it from the witness stand, and the statements made by either party not borne out by the records should not be considered by you. You will base your verdict on the testimony given by the witnesses and the law as given by the court."

We think this case is ruled by the decisions of this court in *Markham* v. *State,* 147 Ark. 509, 233 S. W. 676; *Davis* v. *State,* 174 Ark. 892, 298 S. W. 359; *Ferrell* v. *State,* 177 Ark. 742, 9 S. W. (2d) 15, even though the court hadn't given the above-mentioned instruction. The giving of that instruction removed whatever prejudicial effect the remarks of counsel may have had, conceding that they were prejudicial. *Greathouse* v. *State,* 166 Ark. 206, 265 S. W. 950.

Affirmed.