CASCIO *v.* STATE.

4487  210 S. W. 2d 897

Opinion delivered May 3, 1948.

Rehearing denied May 31, 1948.

*Will Shepherd, Kenneth C. Coffelt* and *Ed F. Mc-Donald,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

Robins, J. Appellant was charged in an information filed by the Prosecuting Attorney with violating the statute (§ 3063, Pope's Digest) which forbids possessing or having in one's custody tools designed for burglary. A trial jury found him guilty and fixed his punishment at imprisonment in the penitentiary for three years. From judgment on the verdict this appeal is prosecuted.

These assignments of error are argued here:

I. That the motion to quash the information should have been sustained.

II. That the court should, on account of insufficiency of evidence against appellant, have directed a verdict of "not guilty."

III. That the lower court erred in refusing to permit appellant to challenge peremptorily two jurors previously accepted.

IV. That a coat owned by a man named Strong was improperly admitted in evidence.

V. That error was committed by the lower court in giving and refusing certain instructions.

VI. That the lower court erred in allowing the Prosecuting Attorney to make certain statements in his argument to the jury.

## I.

In the information it was charged that appellant and Strong "did unlawfully and feloniously have in their possession and custody certain tools, punches, pliers, chisels, flashlights, jimmies, implements and mechanical devices adapted, designed and commonly used for breaking into vaults, safes, railroad cars, boats, vessels, warehouses, stores, shops, offices, dwelling houses, door shutters and windows of buildings, . . . "

This information was in substantially the language of the statute and was sufficient. *Satterfield* v. *State,* 174 Ark. 733, 296 S. W. 63. The fact that some or all of the enumerated articles were such as might be kept for a lawful purpose did not render the information invalid. "Generally speaking it is not necessary that the tools or implements were originally made or intended for an unlawful use. If they are suitable for the purpose of breaking and entering burglariously, it is wholly immaterial that they were also designed and adapted for honest and lawful uses." 9 Am. Jur. 282.

Appellant urges that constitutional amendment No. 21, authorizing prosecution of crimes by information, is contrary to the constitution of the United States. We considered this question in the case of *Penton* v. *State,* 194 Ark. 503, 109 S. W. 2d 131, and there upheld the validity of this amendment. Other cases in which the same ruling was made are: *Deatherage* v. *State,* 194 Ark. 513, 108 S. W. 2d 904; *Smith and Parker* v. *State,* 194 Ark. 1041, 110 S. W. 2d 24; and *Brockelhurst* v. *State,* 195 Ark. 67, 111 S. W. 2d 527. We find no reason to overrule our previous decisions.

## II.

The gist of appellant's contention as to the insufficiency of the evidence is that the articles named in the information and found in his possession were such as any citizen might lawfully have.

The evidence disclosed that about 3:30 in the morning a policeman discovered two men standing in front of a store on Main Street in Little Rock. Hearing a noise, the policeman started toward the store and then discovered three men running away from there. The policeman ordered them to halt and fired his pistol in the air, but they continued running. A few minutes later he found one of the men, Strong, hiding under the steps in the rear of a nearby building. Other police were summoned and it was found that the front door of the store had been "jimmied" open. Two "jimmy bars" and a pair of woolen gloves were found in the vicinity.

About daylight appellant was found by officers. His shirt was wet with perspiration and when approached by officers he gave an unsatisfactory explanation of his presence in Little Rock. When arrested he had on his person title papers to a 1946 Mercury automobile. This car was found parked at Thirteenth and Louisiana Streets, a distance of about two blocks from the store where the burglary was committed.

It is argued by appellant that there was no proof as to the distance intervening between Thirteenth and Louisiana Streets and the burglarized store at Twelfth and Main Streets. But this was a matter of which the lower court might properly take judicial knowledge, and which was probably well known to every member of the jury. "Courts sitting in a city judicially notice the streets, squares, and public grounds thereof, their location, and relation to one another, . . . ." 20 Am. Jur. 78.

The police discovered appellant's coat and Strong's coat in the Mercury car. Appellant admitted to one of the officers that he owned the automobile and asked that he be permitted to have his glasses which had been taken therefrom. In the cardboard box where appellant's glasses were located some of the alleged burglar's tools were found. When one of the officers showed appellant these tools and told him he would be charged with pos-

sessing burglary tools appellant replied: "That is not a complete set of burglary tools."

Officers experienced in police work testified that the tools found in appellant's car were useful as tools. for burglary. One of these witnesses testified that the collection of tools taken from appellant's car was "the customary assortment . . . that most burglars have to carry out their work."

The testimony was sufficient to authorize the jury's finding that the tools in question were such as those described in the statute, the possession of which was made unlawful. *Prather* v. *State,* 191 Ark. 903, 88 S. W. 2d 851.

### III.

After certain jurors had been examined and accepted by both sides, and after the state had exhausted its peremptory challenges, appellant sought to challenge peremptorily two of the jurors theretofore accepted by each side. No reason for challenging these jurors was assigned by appellant. Under the circumstances, there was no abuse of discretion on the part of the lower court in denying appellant's request. *Allen* v. *State,* 70 Ark. 337, 68 S. W. 28; *Jones* v. *State,* 166 Ark. 290, 265 S. W. 974; *Brust* v. *State,* 153 Ark. 348, 240 S. W. 1079.

### IV.

Both appellant and Strong were charged with the offense in the same information; but appellant was granted a severance by the court on its own motion. Appellant urges that, since Strong was not on trial, it was error to permit the state to introduce Strong's coat in evidence and to prove that it was found in appellant's car. We cannot agree. The jury was called upon to determine whether the collection of tools found in appellant's car was a set of burglar's tools or were tools lawfully kept. In arriving at a determination of this question it was proper to submit to the jury any evidence showing the use that was being made of appellant's car, where the tools were found, on the occasion of the burglary. Strong

was shown to be one of the men who ran away from the door of the store after it had been broken open; and the fact that his coat was in appellant's car near by the scene of the crime was a proper circumstance to be considered by the jury in ascertaining whether the tools, found in the same car, were in fact tools for burglary.

## V.

Appellant argues that error was committed by the lower court in the giving and refusing of certain instructions. We deem it unnecessary to set these instructions out at length. We have carefully examined the record and find that the instructions given by the court properly presented to the jury the law applicable.

## VI.

The argument of the Prosecuting Attorney, complained of by appellant as improper, was this:

(1). The Prosecuting Attorney, referring to Strong's coat which the officers found in appellant's car, said: "What explanation have they made of that?" Appellant contends that this argument was a comment on appellant's failure to testify. We conclude that this remark is not fairly susceptible of the meaning attributed to it by appellant.

(2). The Prosecuting Attorney said: "Where is the other man? Nick Cascio knows where he is and who he is, and if we knew we would have him here in short order." While this argument might have been somewhat irrelevant, yet, in view of the state's evidence, indicating that appellant, Strong and a third man were jointly engaged in a criminal enterprise, the argument was not prejudicial to appellant.

(3). In referring to appellant, the Prosecuting Attorney said: "He is a professional thug and came here to commit the crime of burglary." If the testimony of witnesses for the state is credible then the statement of the Prosecuting Attorney was true. *Ingle* v. *State,* 198

S. W. 2d 996. However, when objection to this argument was made the court told the jury not to consider it.

(4). Finally, the Prosecuting Attorney said: "If you want to invite and encourage out of the city thugs to come into this place . . ." Objection to this argument was also sustained by the court.

Necessarily, a broad discretion in controlling argument of attorneys is given to trial judges. *Wilson* v. *State,* 126 Ark. 354, 190 S. W. 441; *Walker* v. *State,* 133 Ark. 517, 212 S. W. 319; *Rosslot* v. *State,* 162 Ark. 340, 258 S. W. 348; *Kelley* v. *State,* 175 Ark. 1170, 1 S. W. 2d 46; *Hicks* v. *State,* 193 Ark. 46, 97 S. W. 2d 900; *Holcomb* v. *State,* 203 Ark. 640, 158 S. W. 2d 471. We find no abuse of such discretion in this case.

The judgment is affirmed.