RALPH BURK SHADDOX *v.* STATE OF ARKANSAS

5338                                        427 S. W. 2d 198

Opinion delivered April 29, 1968
[Rehearing denied May 27, 1968.]

*Robert G. Brackman, Donald J. Adams,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. This is the second appeal of this case. On the first appeal, the conviction of Shaddox of the offense of assault with intent to kill was reversed because of the refusal of the trial court to grant a mistrial for impropriety in the cross-examination of appellant by a special prosecutor. On the first trial, appellant's punishment was fixed by the jury at five years imprisonment. Upon retrial, appellant was again found guilty of assault with intent to kill, but the jury was unable to agree upon the punishment. The trial judge then sentenced appellant to three years in the State Penitentiary. Appellant asserts as reversible error: (1) the court's instruction and form of verdict stating the applicable sentence to be not less than 1 nor more than 21 years; (2) refusal of a mistrial because of a statement by a special prosecutor in closing argument; (3) denial of a directed verdict or, in the alternative, reduction of the charge to a misdemeanor. We will discuss these points in the order listed.

## I

Appellant argues that the fixing of his punishment on the first trial amounted to an acquittal of any and all punishment over and above 5 years imprisonment and that subjecting him to the possibility of punishment in excess of that term amounts to double jeopardy. Since the length of the sentence imposed was actually 2 years less than that imposed by the jury on the first trial, appellant was not prejudiced, even if appellant should be right in his contention. Error in the giving of an instruction on a higher degree of an offense than is justified is rendered moot when the jury convicts a defendant of a lower degree. *Willis* v. *State*, 221 Ark. 162, 252 S. W. 2d 618. The analogy is so close that the same rule is properly applicable to both cases.

## II

Not only did appellant elect not to testify in his own behalf on the new trial, but he offered no admissible evidence whatever. In the closing argument, the special

prosecutor made the following statement with reference to the intent of appellant:

"* * * Now, how could even, how could these fine attorneys for the defense reasonably argue to you that he did not intend to inflict serious harm upon Younes, he said he did. He said 'Johnny, Blankety-blank I'll kill you.' And nobody has attempted to explain that away, in fact, I guess they couldn't."

Objection and motion for a mistrial were based on the contention that this amounted to a comment on the appellant's failure to take the witness stand.

This court has held many times that such remarks as were made here do not constitute a comment on the defendant's failure to testify. In *Davis* v. *State,* 96 Ark. 7, 130 S. W. 547, a prosecutor's remarks that the defendant had told two witnesses how he had administered medicine to produce an abortion, followed by the statement that, "* * * it is undisputed and undenied and he cannot deny it," were expressions of opinion as to the weight of the testimony of the witness which could not be construed as a reference to the fact that the defendant had not testified. In *Culbreath* v. *State,* 96 Ark. 177, 131 S. W. 676, a statement that a defendant had never seen fit to say where he was on the day of a murder and that he had not shown by anyone where he was at the time, was held not to be a comment on the defendant's failure to testify. A statement by a prosecuting attorney asserting that a conversation by a defendant was unexplained and undenied by anyone and calling on "them" to explain it, if untrue, was held to be an expression of opinion that the testimony, not being rebutted, should be accepted as true and not a comment on the failure of the defendant to testify. *Davidson* v. *State,* 108 Ark. 191, 158 S. W. 1103. When a prosecuting attorney referred to a coat of an alleged accomplice which had been found in a defendant's car and asked, "What explanation have they made of that?", this

court said that this argument was not a comment on the defendant's failure to testify. *Cascio* v. *State,* 213 Ark. 418, 210 S. W. 2d 897. In *Edens* v. *State,* 235 Ark. 996, 363 S. W. 2d 923, also a case where the defendant offered no proof, a statement by a prosecuting attorney in closing argument that the State's evidence was undenied was said to be a contention that the testimony should be believed because it was uncontradicted.

These remarks called to the jury's attention the impact of appellant's statement as evidence of intent and as contravention of the theory of self-defense raised by him. Clyde Loftin, who was present during the entire encounter, told of this statement by appellant. No witness, other than Younes and Loftin, testified relative to appellant's remarks. The argument in question relates to appellant's statement and the argument of his attorneys, which would have inevitably presented the facts and inferences which they thought would justify the theory of self-defense and indicate a lack of the element of intent on the part of appellant. We find no error on this point. *Perry* v. *State,* 188 Ark. 133, 64 S. W. 2d 328, *Bridgman* v. *State,* 170 Ark. 709, 280 S. W. 982, *Starnes* v. *State,* 128 Ark. 302, 194 S. W. 506, *Lee* v. *State,* 73 Ark. 148, 83 S. W. 916, and *Evans* v. *State,* 221 Ark. 793, 255 S. W. 2d 967, cited by appellant, are distinguishable. In some of these cases the attorney for the prosecution had stated that the defendant himself had failed to deny certain testimony. In others the prosecutor stated that the defendant had failed to give certain testimony. In others the prosecuting attorney, in argument, had addressed to the jury or to the defendant a rhetorical question as to why the defendant had not testified.

## III

No useful purpose would be served by outlining the evidence in this case. It is substantially the same as we found sufficient to sustain a conviction on the previous appeal. We again find it sufficient. Appellant's alter-

nate request that the court reduce the charge to a misdemeanor was also properly refused. The trial judge instructed the jury thoroughly as to the elements necessary to constitute the crime of assault with intent to kill. He also defined and distinguished the crime of aggravated assault or assault with a deadly weapon. The determination of appellant's intent was a question of fact for the jury. The principal argument advanced by appellant on this point is that on this trial Younes admitted not only that he was willing to do whatever was necessary to take the money appellant owed him even if that included doing Shaddox bodily harm, but that he thought that Shaddox thought that he so intended. Of course, it was the province of the jury to determine under all the facts and circumstances of this case whether appellant intended to kill Younes, or only inflict bodily injury; whether any considerable provocation for his action appeared; whether appellant acted in a sudden heat of passion upon sufficient provocation; whether Shaddox was acting without fault or carelessness in defending himself from assault by Younes; whether it appeared to Shaddox that the degree of force used by him was reasonably necessary in repelling such an assault; whether he was justified in believing that the danger of bodily harm at the hands of Younes was imminent and impending; whether he acted under the influence of reasonable fears, or in a spirit of revenge; and whether appellant acted with due care and circumspection. All these matters were submitted to the jury under proper instructions and have been resolved against appellant.

Finding no prejudicial error, the judgment is affirmed.

BYRD, J., dissents.

CONLEY BYRD, Justice, dissenting. I disagree with the majority view because in my opinion Mr. Shouse, the special prosecutor, commented upon the defendant's failure to take the witness stand.

At the scene when the shooting occurred were only three people: the defendant Ralph Shaddox, the prosecuting witness Johnny Younes, and Clyde Loftin, owner of the service station. Witnesses Younes and Loftin were called and testified in behalf of the prosecution. Defendant Shaddox did not take the witness stand. In this setting Mr. Shouse, in his argument to the jury, stated:

"And there is another thing, and to me it is very significant, most all that this Johnny Younes did was took hold of his shirt, of course, intending to pull him out of the car; Shaddox pulled back and his shirt was torn and that is all that was done, up to the time of the shooting; then, Shaddox comes up with a gun and shoots him and he shot him in a vital part, the lung, which shows intent to kill, of course, and what did he say, he says, 'God-damn,' I believe he used an oath, 'Johnny, I'll kill you' which shows that he had kill, kill in his mind. Now, how could even, how could these fine attorneys for the defense reasonably argue to you that he did not intend to inflict serious harm upon Younes, he said he did. He said 'Johnny, blankety-blank I'll kill you.' And nobody has attempted to explain that away, in fact, I guess they couldn't."

When the special prosecutor, Mr. Shouse, said, "AND NOBODY HAS ATTEMPTED TO EXPLAIN THAT AWAY, IN FACT I GUESS THEY COULDN'T," he could have been referring to "nobody" but the defendant Shaddox, who did not take the witness stand. Everybody else had already explained the shooting.

What the jury may infer on its own from the defendant's failure to take the witness stand is one thing, but what it may infer when the prosecutor argues his silence as evidence is quite another. The former is a necessary evil following from the accused's presence at the trial, but the latter is forbidden by the Fifth Amend-

ment to the United States Constitution. *Griffin* v. *California*, 380 U. S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229 (1965).

Therefore I respectfully dissent.