Felton ADAMS *v.* STATE of Arkansas

CR 77-226                                              566 S.W. 2d 387

Opinion delivered May 22, 1978
(In Banc)
[Rehearing denied June 26, 1978.]

*Robert F. Morehead,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

GEORGE HOWARD, JR., Justice. The Truckers' Inn on Highway 79 North in Jefferson County was robbed by a lone black gunman on April 1, 1977. Some 16 hours later, appellant, Felton Adams, was arrested. A dirty, white bank bag (money bag) was found in his pocket at the time of the arrest. Marzella Williams, an employee at Truckers' Inn, identified appellant as the robber. Furthermore, some fingerprints taken from a cup at the Truckers' Inn that the robber had used immediately prior to the robbery were identified as appellant's. The bank bag was identified as being similar to the one used in the robbery.

From a judgment entered upon a jury verdict finding appellant guilty of a charge of aggravated robbery and also on a charge as an habitual criminal, appellant appeals raising numerous issues for reversal.

During closing argument, the prosecuting attorney made the following statement before the jury:

"... To convict him (the defendant) you don't have to disbelieve any part of their case, *because what did the defense, how many witnesses did the defense put on for your consideration?*" (Emphasis supplied)

It is well settled that comment on the failure of a defendant to testify in a criminal case is violative of the Self-Incrimination Clause of the Fifth Amendment to the United States Constitution which is applicable to States by the Fourteenth Amendment to the United States Constitution. *Malloy* v. *Hogan,* 378 U.S. 1 (1965); *Griffin* v. *California,* 380 U.S. 609 (1965).

In *Miller* v. *State,* 239 Ark. 836, 394 S.W. 2d 601 (1965), the defendants did not testify in the case. Over objections, the Court instructed the jury that it was the privilege of the defendants to testify in their own behalf or to decline to testify. In his argument to the jury, the prosecuting attorney specifically called this instruction to the attention of the jury, repeated it and said: "You are instructed, this is a privilege to them to either testify or not to testify. That is what the Court says in that instruction." We said, in *Miller,* "Obviously, by arguing this instruction to the jury in that manner, attention

was called to the fact that defendants had not taken the stand in their own behalf. This was error."

In *Evans & Foust* v. *State*, 221 Ark. 793, 255 S.W. 2d 967, we said:

"Our law wisely provides failure of a defendant to testify shall not create any presumption against him. The prosecuting attorney should carefully refrain from using any words or gestures which would be calculated to call a jury's attention to the fact that a defendant has not testified."

It is readily apparent from what we have said in the two cases just cited, a defendant's privilege not to testify and the prohibition imposed on the state to refrain from using any words calculated to call a jury's attention to the fact that a defendant has not testified, makes this privilege a fundamental constitutional right and when this right has been violated by an over zealous prosecuting attorney, prejudice is presumed and an instruction from the trial court cannot eliminate the damage which has already occurred. Consequently, the granting of a request for a mistrial is the only solution to correct the prejudicial error.

In an effort to cure the prejudicial remarks by the prosecuting attorney, the trial court, after objection and request of counsel for appellant, gave the following instruction, but the instruction merely reemphasized the fact in the minds of the jurors that the defendant had not testified:

"THE COURT: In the event the jury didn't understand the instructions, I will paraphrase it by saying the burden is on the State to prove that the defendant is guilty beyond a reasonable doubt. The defendant didn't request, but I will instruct you at Mr. Morehead's request that the defendant is not required to testify. He may do so if he likes, but you are not to take that into consideration in arriving at your verdict in this case, neither does the defendant have to call any witness on his behalf unless he wants to. You are not to consider that as evidence against the defendant. Go ahead."

It is apparent that in light of the prosecuting attorney's comment the jury could have surmised appellant's failure to testify was an admission of guilt. Thus, the exercise of a constitutional right could have been damaging evidence against the appellant. The state contends that the judge's charge, as set out above, cured any harmful effect of the comment. It is conceded that the trial judge may have done all he could under the circumstances, his charge, however, only would have vindicated the adverse effect of a comment with respect to appellant's duty to take the stand. The judge's charge did not cure the adverse inference the jury could have drawn on the issue of guilt or admission of guilt.

The error complained of here by appellant is a denial of a right guaranteed against invasion by the Fifth and Fourteenth Amendments to the United States Constitution and appellant is entitled to be free from penalties or sanctions that may have been influenced by his failure to testify in his criminal trial. *Chapman* v. *California*, 386 U.S. 18, 87 S. Ct. 824 (1967).

In *Chapman* v. *California*, supra, the United States Supreme Court said, among other things:

"... [B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless error beyond a reasonable doubt." *See also: Fahy* v. *State of Connecticut*, 375 U.S. 85.

We cannot say, from reviewing this record, that the error complained of was harmless beyond a reasonable doubt, or that there is not a reasonable possibility that the remarks complained of on the part of the prosecuting attorney might have contributed to appellant's conviction, accordingly, we reverse on this ground only.

We recognize, as we must, that there exists some inconsistency in our cases dealing with the extent and latitude to which a prosecuting attorney is permitted in arguing to the jury the posture of the state's case or in summarizing the evidence when a defendant has failed to take the witness stand in his own behalf. In *Harris* v. *State*, 260 Ark. 646, 543 S.W. 2d 459, we found that the following statement did not

constitute prejudicial comment upon appellant-defendant's failure to testify:

> "Possession? You heard the three agents get on this stand and say that the hundred pounds of substance was taken from these two defendants out there on Cato Springs Road on April 29th, 1974. *There has been absolutely no testimony to contradict that.* I don't think that is even an issue at this point. . . . " (Emphasis supplied)

We do not consider the statement "There has been absolutely no testimony to contradict that" as prejudicial comment upon appellant-defendant's failure to testify, inasmuch as counsel for appellant-defendant, indeed, was afforded the opportunity to cross-examine all of the state's witnesses for the purpose of developing any inconsistencies or contradictions. Therefore, if counsel for appellant-defendant discovered no contradictions in the state's case, indeed, the prosecuting attorney had every right to call to the jury's attention that there existed no contradictions in the state's case. We cannot visualize any valid objection to a remark of this nature when it cannot be construed as calculated to call a jury's attention to the fact that a defendant has failed to take the witness stand.

On the other hand, the remarks of the prosecuting attorney in the instant case, namely, "To convict him, (the defendant) you don't have to disbelieve any part of their case, because what did the defense, how many witnesses did the defense put on for your consideration?" can be characterized only as calling to the jury's attention that appellant had not taken the witness stand to testify.

We emphasize that an expression on the part of the prosecuting attorney attributable to the weight to be given to the evidence as distinguished from an expression or gesture indicating to the jury that the defendant has not taken the witness stand does not offend the posture taken by the Court today in this case. *Evans & Foust* v. *State,* supra; *Miller* v. *State,* supra.

We have carefully reviewed the other points asserted by appellant for the reversal of his conviction and we are per-

suaded that such claims are not meritorious and, according-ly, we find no error in these asserted claims. We make this observation in order to avoid any misunderstanding as to the Court's position on these issues in the event of a retrial of this case.

Reversed and remanded.

HARRIS, C.J., and FOGLEMAN, J., dissent.

CARLETON HARRIS, Chief Justice, dissenting. I cannot agree that this case should be reversed because of the prosecuting attorney's comment to the jury, which the ma-jority state called attention to the fact that appellant Adams did not testify.

Before discussing the remark made by the prosecutor, there is, off-hand, a reason why this case should not be revers-ed, whatever the prosecutor's remark. I refer to the fact that the defendant's counsel requested the court to tell the jury that the defendant was not required to testify, and the court complied with the request, explaining that a defendant may testify if he likes, but is not required to do so, and that fact is not to be taken into consideration in arriving at a verdict in the case. In *Russell v. State,* 240 Ark. 97, 398 S.W. 2d 213, we thoroughly discussed when it is proper for a court to give this instruction, and when it is improper. We said:

> "None of the three accused took the witness stand. The court, despite the objections of defense counsel, told the jury that the accused had the right to testify or not to testify and that their failure to do so was not evidence of guilt and was not to be considered by the jury. This is a familiar instruction. When the accused *asks* that such a charge be given it is reversible error for the court to deny the request. *Cox v. State,* 173 Ark. 1115, 295 S.W. 29 (1927). When, however, the accused *objects* to such an instruction, a different situation is presented.

Accordingly, it would have been *reversible error* for the court to refuse the instruction after defendant's counsel re-quested it! In such event, I can't see how the State can win — the case is reversed by giving the instruction — and it would

be reversed if it had not been given. Not only that, but it is certainly most unusual to reverse a judgment because of error committed at the request of a defendant.

As to the actual remark made, I repeat the statement of the prosecutor because I intend to compare it with numerous other statements where the same contention (that such statements called attention to the jury that the defendant did not testify) was made, and this court found no error. Here, the prosecuting attorney said:

> ". . . To convict him, (the defendant) you don't have to disbelieve any part of their case, because what did the defense, how many witnesses did the defense put on for your consideration?"

In the first place, a defendant frequently offers several witnesses, whether he testifies himself or not, and the statement made, to me, simply has reference to a lack of witnesses offered (no witnesses were offered by the defense).

To compare a few other cases where the same identical contention was made, let us first look at *Harris v. State,* 260 Ark. 646, 543 S.W. 2d 459. There, the prosecuting attorney, in argument, stated:

> "Possession? You heard the three agents get on this stand and say that the hundred pounds of substance was taken from these two defendants out there on Cato Springs Road on April 29th, 1974. *There has been absolutely no testimony to contradict that.* I don't think that is even an issue at this point. They possessed it; a hundred pounds — Approximately one hundred pounds — "

It was argued that the italicized statement constituted prejudicial comment upon appellant's failure to testify, but we found no merit in this contention.

In *Sims v. State,* 258 Ark. 940, 530 S.W. 2d 182:

> "Appellant objected to the prosecuting attorney's reference to testimony as uncontradicted and undenied, as a comment on defendant's failure to testify, and mov-

ed for a mistrial. Overruling the objection and refusing to declare a mistrial was not error."

In *Shaddox v. State*, 244 Ark. 747, 427 S.W. 2d 198, objection and motion for a mistrial were based on the contention that certain remarks amounted to a comment on the appellant's failure to take the witness stand. The statement objected to was as follows:

" * * * Now, how could even, how could these fine attorneys for the defense reasonably argue to you that he did not intend to inflict serious harm upon Younes, he said he did. He said 'Johnny, Blankety-blank I'll kill you.' And nobody has attempted to explain that away, in fact, I guess they couldn't."

We held that no error had been committed.

In *Davis v. State*, 96 Ark. 7, 130 S.W. 547, a prosecutor's remarks that the defendant had told two witnesses how he had administered medicine to produce an abortion, followed by the statement that, "* * * it is undisputed and undenied and he cannot deny it," were expressions of opinion as to the weight of the testimony of the witness which could not be construed as a reference to the fact that the defendant had not testified.

In *Culbreath v. State*, 96 Ark. 177, 131 S.W. 676, the opinion reflects:

"Another ground urged for reversal is as to alleged improper remarks of an attorney representing the State in his closing argument. The following are the objectionable remarks: 'Where was the defendant that day? He has never seen fit to say. He has not shown by any one where he was between the hours of 10 o'clock in the morning and 1:30 in the afternoon.' Taking the whole statement together, we do not think it can fairly be construed as a comment or criticism on defendant's failure to testify in his own behalf or as calling attention to that fact. It was merely an expression of the opinion of counsel that the defendant had not adduced evidence accounting for his whereabouts during the hours nam-

ed. We conclude that there was no prejudicial error in the remarks."

A statement by a prosecuting attorney asserting that a conversation by a defendant was unexplained and undenied by anyone and calling on "them" to explain it, if untrue, was held to be an expression of opinion that the testimony, not being rebutted, should be accepted as true and not a comment on the failure of the defendant to testify. *Davidson v. State,* 108 Ark. 191, 158 S.W. 1103.

When a prosecuting attorney referred to a coat of an alleged accomplice which had been found in a defendant's car and asked, "What explanation have they made of that?", this court said that this argument was not a comment on the defendant's failure to testify. *Cascio v. State,* 213 Ark. 418, 210 S.W. 2d 897, cert. den. 335 U.S. 845.

In *Edens v. State,* 235 Ark. 996, 363 S.W. 2d 923, also a case where the defendant offered no proof, a statement by a prosecuting attorney in closing argument that the State's evidence was undenied was said by this court to be a contention that the testimony should be believed because it was uncontradicted.

In *Hammond and Evans v. State,* 244 Ark. 1113, 428 S.W. 2d 639, it was contended that certain remarks of the prosecuting attorney before the jury amounted to a comment upon the failure of appellants to testify. During his closing argument, the prosecutor made the following statements, and those that were contended to be·prejudicial are italicized:

"The proof's in here that the McDougal boy admitted it, and the proof's in here that the other boy, or Jerry Hammond, or Jerry 'Fish' Hammond, admitted it. *And it's uncontradicted and it's undisputed.*

"Now then, what does that bring us down to just purely and simply? We just have no other — there's no alternative. It's inconceivable to me of anything other than guilty on burglary, without question. There is even an inference when you've found stolen property and the possession of it is not explained. That's not enough to

put you in the penitentiary itself; but, that alone is inference of your guilt. You say, 'Well, it might happen to me. They might catch me with it.' *You're going to answer pretty quick where you got it, where you bought it, and what you did with it. We have no such explanation.* \* \* \*

"Is he guilty? or is he innocent? If he's guilty, then talk about the sentence. If there's extenuating circumstance, then, sure, take into consideration the minimum. That's why — that's what minimum sentences are for, if there's extenuating circumstances. I know of none here. *None has been called to your attention here. None has been told you here.*"

In a rather comprehensive discussion, the court held that none of the remarks were a comment upon the defendants' failure to testify and stated:

"Actually, much stronger statements have been held to not constitute a comment upon the failure to testify."

In *Moore, Frazier, Davidson* v. *State*, 244 Ark. 1197, 429 S.W. 2d 122, the prosecuting attorney, in the course of his closing argument, made the following statements:

"The case was 'uncontradicted and undenied'; I will leave that because the record is bare; There is nothing else in here except the testimony and proof of the sheriff; There has been no proof as to who (certain equipment) belonged to, the testimony was that nobody would claim it, nobody has acquired it, nobody has come here today to acquire it; and if I was picked up with (the equipment introduced into evidence), there would be some explanation of what it was doing in my car and what I was doing with it."

This court stated:

"We feel that the expressions are all attributable to the weight to be given to the evidence, and that in no instance was the jury's attention called to the fact that appellants failed to testify."[1]

[1]In view of the fact that the majority opinion is predicated on the self-incrimination clause of the 5th Amendment to the United States Constitution, applicable to states by the 14th Amendment, it is interesting to note that certiorari was denied by the court in this case. See 393 U.S. 1063.

In *Ferrell* v. *State,* 177 Ark. 742, 9 S.W. 2d 15, where the defendant failed to testify, the prosecutor stated:

."Now, gentlemen, we just want to be fair. If I knew Frank Ferrell was innocent in this crime, but the circumstances, gentlemen of the jury, that we have introduced here before you have not been denied."

We found no error.

In *Langston* v. *State,* 184 Ark. 687, 43 S.W. 2d 231, the prosecuting attorney remarked:

"The fact that Burley Tyler bought the liquor from the defendant has not been denied, and his testimony stands unimpeached."

No error!

In *Markham* v. *State,* 149 Ark. 507, 233 S.W. 676, the prosecuting attorney used the following language:

" 'We find the five leaving the mill and going in the direction of the still. *None of them denied that they went to the still but Perry Franklin.*' [My emphasis.] The appellants objected to the argument of the prosecuting attorney and asked that the jury be instructed not to consider it for the reason that 'it was a direct reference to the failure of the defendants to testify.' The court overruled the objection and appellants duly excepted. The jury returned a verdict of guilty against the appellants and fixed their punishment at one year in the penitentiary. * * *

The remarks of the prosecuting attorney should not be construed as a comment upon the failure of the appellants to testify, and hence these remarks do not contravene the provisions of our statute to the effect that the failure of an accused to testify shall not create any presumption against him."

The case of *Miller* v. *State,* 239 Ark. 836, 394 S.W. 2d 601, cited by the majority, is clearly distinguishable, for there, *over objections,* the court instructed the jury that it was the privilege of the defendants to testify in their own behalf or

to decline to testify, and the prosecuting attorney, in arguing the case, specifically called this instruction to the attention of the jury, and even repeated it. Obviously, attention was directly called to the fact that defendants had not taken the stand in their own behalf.

It is apparent from the cases cited that much stronger remarks have been made than the simple little remark made in the instant case, but this court found no error. It is inconceivable to me that this case is being reversed, and to me, this reversal has the effect of overruling the cases mentioned, and numerous others that I do not have time to cite.

I consider that the majority opinion will very much handicap a prosecutor in his argument to the jury, and in fact, places him in a position where he really cannot know what can be validly said.

I would affirm.

FOGLEMAN, J., joins in this dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I fully agree with the dissenting opinion of the Chief Justice and join in it. I also take issue with the majority assertion that there are inconsistencies in our cases relating to arguments of the nature of that made in this case that must be resolved. Resolution of inconsistencies is an important responsibility of a court of last resort. The strained attempt of the majority to distinguish *Harris* v. v. *State,* 260 Ark. 646, 543 S.W. 2d 459, is a poor demonstration of inconsistency. I submit that the alleged inconsistency in our cases is an illusion. See Hall, The Bounds of Prosecutorial Summation in Arkansas, 28 Ark. Law Rev. 55, 72 and cases cited in the dissenting opinion by Harris, C.J.; Annot., 14 ALR 3d 723, 757, § 9; 773, § 15; Supp. 1977, p. 34, § 10.

Of course, a prosecuting attorney should not comment on a defendant's failure to testify. But for an advocate to be prohibited from pointing out that no witness testified except those presented by the state, as a basis for eliminating reasonable doubt and as a factor in determining the weight to be given that evidence, is extreme and unnecessary. See 14 ALR 3d 723, 729, § 3, Practice Pointers. It reads something

into the Fourteenth Amendment that isn't there. I fear that it means that a prosecuting attorney cannot ask a jury to accept even an isolated statement by one witness because no one denies it, when dozens of people could if it were untrue.

It is all very well to relegate the prosecuting attorney into the role of a minister of justice in some stages of the prosecutorial process, for he must act in a quasi-judicial capacity. But in closing argument to a jury, his role as an advocate completely overshadows any other role. Then he is society's — the people's — only advocate. Sending him into the arena shackled, hamstrung and gagged destroys his ability to act as such, at a time when society's need for strong advocacy was never greater.